UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY AVILA, et al, | No. 2:24-cv-02264-TLN-CSK |
| Plaintiffs, | |
| v. | **ORDER** |
| NEWREZ LLC, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs David Anthony Avila and John Hayne's ("Plaintiffs") Amended Motion for Preliminary Injunctive Relief.  (ECF No. 6.)  Defendants NewRez LLC, JP Morgan Mortgage Acquisition Corporation, and Peak Foreclosure Services, Inc. (collectively, "Defendants") did not file an opposition.  For the reasons set forth below, the Court DENIES Plaintiffs' motion.

///
///
///
///
///
///
///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, who are proceeding *pro se*, initiated this action to challenge a mortgage foreclosure of their home. (ECF No. 1 at 1.) Plaintiffs allege that despite making timely regular mortgage payments and having valid homeowners' insurance, Defendants rejected Plaintiffs' mortgage payment "alluding" he did not have homeowners' insurance. (*Id.* at 2.) Plaintiffs allege they always had private homeowners' insurance coverage and sent proof and documentation of that coverage to Defendants. (*Id.*) Plaintiffs further allege Defendants "unlawfully and erroneously insisted Plaintiffs pay a second insurance." (*Id.*) In addition, Plaintiffs allege "Defendants are not qualified to receive any payments" because "new evidence suggests based on a defective Assignment of Deed of Trust that this assignment failed to include both the note and deed of trust." (*Id.* at 2–3.) Plaintiffs seek to "void all subsequent documents and actions taken by Defendants, including Substitution of Trustee and foreclosure sale due to the invalid and fatally defective assignment." (*Id.* at 3.) Plaintiffs also seek "injunctive and declaratory relief to stop the unlawful actions to foreclose." (*Id.*)

Plaintiffs filed their Complaint on August 21, 2024, alleging the following claims: (1) violation of the Fair Debt Collection Practices Act; (2) trespass; (3) breach of contract; (4) common law fraud; (5) statutory fraud and misrepresentation; (6) breach of fiduciary duty; (7) promissory estoppel; (8) action to quiet title; (9) action to quiet title; and (10) unfair business practices in violation of California Business & Professions Code § 17200. (*Id.* at 19–39.) Because Plaintiffs are proceeding without counsel, the matter was referred to a United States Magistrate Judge under Local Rule 302(c)(21). (ECF No. 3.)

On September 5, 2024, Plaintiffs filed a motion for preliminary injunction. (ECF No. 4.) The magistrate judge issued a minute order indicating that Plaintiffs' motion was procedurally defective for various reasons and potentially moot as it sought to enjoin a sale that had been scheduled approximately two weeks earlier — on August 21, 2024. (ECF No. 5.) On September 23, 2024, Plaintiffs filed the instant Amended Motion for Preliminary Injunction, which the Court construes as a Motion for a Temporary Restraining Order ("TRO"). (ECF No. 6.) Plaintiffs seek an injunction of the foreclosure sale, which was purportedly rescheduled from August 21, 2024,

to October 4, 2024. (*Id.*) The magistrate judge ordered Plaintiffs to serve Defendants and indicated that Defendants' oppositions were due by close of business on September 30, 2024. (ECF No. 10.) Defendants did not file oppositions. Based on the potential time restraints for resolving this motion, the magistrate judge subsequently referred this matter to the undersigned for adjudication. The Court submitted the motion on October 1, 2024, and finds the matter suitable for resolution without a hearing. (ECF No. 14.)

## II. STANDARD OF LAW

A TRO is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of TRO is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. It is the practice of this district to construe a motion for a TRO as a motion for preliminary injunction. E.D. Cal. L.R. 231(a); *see also Aiello v. One West Bank*, No. 2:10-cv-00227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see also GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.") (internal quotation marks omitted).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test

to obtain a preliminary injunction. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, the plaintiff must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply in the plaintiff's favor," in order to succeed in a request for preliminary injunction. *Id.* at 1134–35.

### III.  ANALYSIS

Eastern District of California Local Rule 231(b) provides that "the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." Should the Court find such a delay, the Court may deny the requested TRO on those grounds alone. E.D. Cal. L.R. 231(b).

In the instant case, Plaintiffs filed their motion approximately ten days before the scheduled foreclosure sale, which has created an unnecessary emergency and deprived Defendants of an adequate opportunity to respond. Plaintiffs fail to explain why they did not seek injunctive relief earlier. It is unclear when Plaintiffs became aware of the pending foreclosure sale. Plaintiffs did not attach the Notice of Trustee's Sale for the original August 21, 2024, sale date, nor do Plaintiffs argue they were given insufficient notice of that sale. Plaintiffs did attach the Notice of Trustee's Sale for the rescheduled October 4, 2024, sale date, which is dated August 30, 2024. (ECF No. 6 at 25.) Although Plaintiffs did file a deficient motion for a preliminary injunction shortly thereafter on September 5, 2024, Plaintiffs waited almost two weeks after being given notice that their motion was deficient to file the instant amended motion. The Court also notes Plaintiffs' original motion for preliminary injunction only mentioned the August 21, 2024, sale date, not the October 4, 2024, sale date.

///

4

More importantly, however, it appears Plaintiffs have been aware for months that Defendants considered them to be delinquent on their loan and were moving forward with foreclosure proceedings. In a declaration filed as part of the instant motion, Plaintiff Avila acknowledges he was notified of the foreclosure actions and validated that information with the Stanislaus County Recorder's Office. (*Id.* at 55.) Plaintiffs also attached various documents to Complaint and the instant motion, including letters Plaintiffs sent to Defendants about this dispute as early as January 2024. (*Id.* at 7.) Based on the foregoing evidence, and absent any explanation as to why Plaintiffs waited until 10 days before the foreclosure sale to file the instant motion, the Court concludes Plaintiffs' delay contradicts their allegations of irreparable injury.

Accordingly, the Court exercises its discretion under Local Rule 231(b) to deny Plaintiffs' motion. *See Deck v. Wells Fargo Bank, N.A.*, No. 17CV00234MCEKJNPS, 2017 WL 499224, at *2 (E.D. Cal. Feb. 6, 2017) (finding a plaintiff unduly delayed filing a TRO when a Notice of Default was recorded nine months earlier); *Mammoth Specialty Lodging, LLC v. We-Ka-Jassa Inv. Fund, LLC*, No. CIV-S10-0864-LKK-JFM, 2010 WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010) (denying a TRO based on Local Rule 231(b) because "plaintiff did not file the motion until four business days before the scheduled foreclosure sale"); *Avila v. Citi Mortg. Inc.*, No. 1:17-cv-1581-LJO-BAM, 2017 WL 5871473, at *1 (E.D. Cal. Nov. 29, 2017) (denying plaintiff's TRO request under Local Rule 231(b) because plaintiff failed to "explain why he waited until the last possible moment to attempt to block the sale."). Because Plaintiffs failed to show irreparable harm, the Court need not and does not address the other *Winter* factors. *See Winter*, 555 U.S. at 20; *Alliance*, 632 F.3d at 1135 (stating a plaintiff must make a showing on all the *Winter* factors).

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for a TRO. (ECF No. 6.)

IT IS SO ORDERED.

DATED: October 3, 2024

Troy L. Nunley
Chief United States District Judge

5