Ian A. Rambarran, Bar No. 227366
irambarran@klinedinstlaw.com
Jonathan C. Cahill, Bar No. 287260
jcahill@klinedinstlaw.com
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 282-0100/FAX (916) 444-7544

Attorneys for Defendants
NEWREZ, LLC D/B/A SHELLPOINT
MORTGAGE SERVICING AND JP MORGAN
MORTGAGE ACQUISITION CORPORATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| DAVID AVILA and JOHN HAYNE,<br><br>    Plaintiff,<br><br>    v.<br><br>NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, JP MORGAN MORTGAGE ACQUISITION CORPORATION, PEAK FORECLOSURE SERVICES, INC., and DOES 1-10,<br><br>    Defendants. | Case No. 2:24-cv-02264-TLN-CSK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:      November 19, 2025<br>Time:      10:00 a.m.<br>Location:  Courtroom 25<br>           501 I Street, 8th Floor<br>           Sacramento, CA 95814<br>Judge:     Hon. Chi Soo Kim |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 7

II. RELEVANT FACTUAL BACKGROUND .................................................................... 7

III. DISMISSAL UNDER RULE 12(b)(6) ............................................................................ 8

    A. Motion to Dismiss Standard ................................................................................ 8

    B. Plaintiffs' Complaint Fails to Satisfy the Pleading Requirements of Rule 8 ............. 9

    C. Plaintiff Avila Lacks Standing .......................................................................... 10

    D. First Claim for Violation of Fair Debt Collection Practices Act Should be Dismissed ............................................................................................................ 11

    E. Second Claim for "Trespass, Trespass Quare Clausum Fregit" Should be Dismissed ............................................................................................................ 12

    F. Third Claim for Breach of Contract Should be Dismissed ...................................... 12

    G. Fourth and Fifth Claims for Fraud Should be Dismissed ......................................... 13

    H. Sixth Claim for Breach of Fiduciary Duty Should be Dismissed ............................. 14

    I. Seventh Claim for Promissory Estoppel Should be Dismissed ................................. 14

    J. Eighth and Ninth Claims for Quiet Title Should be Dismissed ................................ 15

    K. Tenth Claim for Violation of Business and Professions Code Section 17200 Should be Dismissed ............................................................................................................ 16

IV. CONCLUSION ............................................................................................................... 19

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Abels v. Bank of America*
	2011 WL 1362074, at *1 (N.D. Cal. Apr. 11, 2011) ............................................................. 14

*Aguilar v. Bocci*
	(1974) 39 Cal. App. 3d 475 ................................................................................................... 16

*Ankoanda v. Walker-Smith*
	44 Cal. App. 4th 610 (1st Dist. 1996) ................................................................................... 16

*Anserv Insurance Services, Inc. v. Albrecht*
	192 Ariz. 48, 50 (1998) ......................................................................................................... 10

*Ashcroft v. Iqbal*
	556 U.S. 662, 677-678 (2009) ................................................................................................ 9

*Balistreri v. Pacifica Police Dept.*
	901 F.2d 696, 699 (9th Cir. 1990) .......................................................................................... 8

*Barajas v. Countrywide Home Loans, Inc.*
	2012 WL 628007, *2 (C.D. Cal. Feb. 24, 2012) ................................................................... 13

*Bell Atlantic Corp. v. Twombley*
	550 U.S. 544, 570 (2007) .................................................................................................. 9, 10

*Burns v. Hiatt*
	(1906) 149 Cal. 617 .............................................................................................................. 16

*Byars v. SCME Mortgage Bankers*
	(2003) 109 Cal.App.4th 1134 ............................................................................................... 18

*Caballero v. Ocwen Loan Serv.*
	2009 WL 1528128, *1 (N.D. Cal. 2009) .............................................................................. 11

*Cel-Tech Comms., Inc. v. Los Angeles Cellular Telephone Co.*
	(1999) 20 Cal.4th 163 ........................................................................................................... 17

*Cervantes v. City of San Diego*
	5 F.3d 1273, 1274 (9th Cir. 1993) .......................................................................................... 8

*Comm. on Children's TV v. Gen. Foods Corp.*
	(1983) 35 Cal.3d 197 ............................................................................................................ 18

*Decker v. Glenfed, Inc.*
	42 F.3d 1541, 1548 (9th Cir. 1994) ...................................................................................... 13

*Desaigoudar v. Meyercord*
	223 F.3d 1020, 1022-1023 (9th Cir. 2000) .......................................................................... 13

*DiPirro v. American Isuzu Motors, Inc.*
    (2004) 119 Cal.App.4th 966 ........................................................................................... 18

*Drennan v. Star Paving Co.*
    51 Ca1.2d 409 (1958) ................................................................................................... 15

*Emrich v. Touche Ross & Co.*
    846 F.2d 1190, 1198 (9th Cir. 1988) ............................................................................... 9

*Gallagher v. Wells*
    No. 2:08-cv-03071 JFM (C), 2012 U.S Dist. LEXIS 109155, at *15 (E.D. Cal. Aug.
    2, 2012) ......................................................................................................................... 13

*Gressley v. Williams*
    193 Cal.App.2d 636, 640-41 (1961) ............................................................................. 15

*Heintz v. Jenkins*
    514 U.S. 291, 292 (1995) .............................................................................................. 11

*Ileto v. Glock Inc.*
    349 F.3d 1191, 1200 (9th Cir. 2003) ............................................................................... 9

*Ingles v. Westwood One Broadcasting Services, Inc.*
    (2005) 129 Cal.App.4th 1050 ....................................................................................... 18

*Jenkins v. JPMorgan Chase Bank, N.A.*
    (2013) 216 Cal. App. 4th 497 ....................................................................................... 17

*Jirschik v. Farmers & Merch. Nat'l Bank*
    107 Cal.App.2d 405, 406 (1951) ................................................................................... 15

*Johnson v. Wells Fargo Home Mortg., Inc.*
    No. 3:05-CV-0321-RAM, 2007 U.S. Dist. LEXIS 79989, 2007 WL 3226153, at 9
    (D. Nev. Oct. 29, 2007) ................................................................................................ 12

*Khoury v. Maly's of California*
    (1993) 14 Cal. App. 4th 612 .................................................................................... 16, 17

*Kitamura v. AOAO of Lihue Townhouse*
    No. 12-00353 LEK-BMK, 2013 U.S. Dist. LEXIS 45535, at 13 (D. Haw. Mar. 29,
    2013) ............................................................................................................................. 12

*Korea Supply Co. v. Lockheed Martin Corp.*
    (2002) 29 Cal. 4th 1134 ................................................................................................ 17

*Krantz v. BT Visual Images*
    (2001) 89 Cal. App. 4th 164 ......................................................................................... 17

*Kwikset Corp. v. Superior Court*
    (2011) 51 Cal. 4th 310 .................................................................................................. 17

*Lal v. Am. Home Servicing, Inc.*
    680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) ............................................................... 11

Klinedinst PC
801 K Street, Suite 2100
Sacramento, California 95814

3
TABLE OF AUTHORITIES

*Lange v. TIG Ins. Co.*
    68 Cal.App.4th 1179, 1185-1186 (1998) ............................................................................ 15

*Lee v. Escrow Consultants, Inc.*
    210 Cal.App.3d 915, 920 (1989) ........................................................................................ 13

*Long v. Bank of Am. Home Loans Servicing, LP*
    2010 U.S. Dist. Lexis 81183, *2-3 (Nev. Aug. 6, 2010) ...................................................... 11

*McHenry v. Renne*
    |84 F.3d 1172, 1180 (9th Cir. 1996) ..................................................................................... 9

*Miller v. Provost*
    (1994) 26 Cal. App. 4th 1703 ............................................................................................. 15

*Moreno v. Citibank, N.A.*
    2010 WL 1038222, *3 (N.D. Cal. Mar. 19, 2010) .............................................................. 14

*Muktarian v. Barmby*
    63 Cal. 2d 558 (1965) ........................................................................................................ 16

*National Dollar Stores v. Wagnon*
    97 Cal.App.2d 915, 919 (1950) .......................................................................................... 15

*NL Indus., Inc. v. Kaplan*
    792 F.2d 896, 898 (9th Cir. 1986) ........................................................................................ 9

*Nymark v. Heart Fed. Savings Loan Assn.*
    231 Cal. App. 3d 1089, 1093 n. 1, 283 Cal. Rptr. 53 (Cal. Ct. App. 1991) ........................ 14

*Obduskey v. McCarthy & Holthus LLP*
    139 S. Ct. 1029, 1038 (2019) ............................................................................................. 11

*Perry v. Stewart Title Co.*
    756 F.2d 1197, 1208 (5th Cir. 1985) .................................................................................. 11

*Putkkuri v. Recontrust Co.*
    2009 WL 32567, at *7 (S.D. Cal. Jan. 5, 2009) .................................................................. 11

*Reichert v. General Ins. Co. of America*
    68 Cal. 2d 822, 830, 69 Cal. Rptr. 321, 442 P.2d 377 (Cal. 1968) ..................................... 13

*Roberts v. Ball, Hunt, Hart, Brown & Baeerwitz*
    57 Cal.App.3d 104, 109 (1976) .......................................................................................... 13

Rosal v. First Federal Bank of California
    671 F.Supp.2d 1111, 1128 (N.D. Cal. 2009) ...................................................................... 14

*Sanford v. MemberWorks, Inc.*
    625 F.3d 550, 558 (9th Cir. 2010) ...................................................................................... 13

*Scripps Clinic v. Sup. Ct.*
    (2003) 108 Cal.App.4th 917 ............................................................................................... 18

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

*Shepherd v. Am. Home Mortg. Servs., Inc.*
 2009 WL 4505925, * 2 (E.D. Cal. Nov. 20, 2009) ............................................................... 14

*Shore Land Co. v. Petersen*
 (1964) 226 Cal. App. 2d 725 ................................................................................................ 15

*Smith v. City and County of San Francisco*
 225 Cal.App.3d 38, 48 (1990) .............................................................................................. 15

*Spinks v. Equity Residential Briarwood Apartments*
 171 Cal. App. 4th 1004, 1041 (2009) ................................................................................... 12

*Stansfield v. Starkey*
 (1990) 220 Cal.App.3d 59 .................................................................................................... 18

*Tarmann v. State Farm Mutual Auto. Ins. Co.*
 (1991) 2 Cal.App.4th 153 ..................................................................................................... 18

*Toscano v. Greene Music*
 124 Cal.App.4th 685, 692 (2004) ......................................................................................... 15

*Twain Harte Homeowners Ass'n v. Patterson*
 193 Cal. App. 3d 184, 188 (1987) ........................................................................................ 16

*US Ecology, Inc. v. State*
 129 Cal.App.4th 887, 901 (2005) ......................................................................................... 14

*Vess v. Ciba-Geigy Corp. USA*
 317 F.3d 1097, 1006 (9th Cir.2003) ..................................................................................... 13

*Wang &Wang LLP v. Banco Do Brasil, S.A.*
 2007 WL 915232 at *2 (E.D. Cal. March 26, 2007) ............................................................ 13

*Warren v. Fox Family Worldwide, Inc.*
 328 F.3d 1136, 1139 (9th Cir. 2003) ...................................................................................... 9

*Weisbuch v. County of Los Angeles*
 119 F.3d 778, 783 n.1 (9th Cir. 1997) .................................................................................... 8

*Wilhelm v. Pray, Price, Williams & Russell*
 (1986) 186 Cal.App.3d 1324 ................................................................................................ 18

*Youngman v. Nev. Irrigation Dist.*
 70 Ca1.2d 240, 249 (1969) ................................................................................................... 15

**STATUTES**

California Business & Professions Code section 17200 ................................................................. 16

California Business & Professions Code section 17204 ................................................................. 16

California Code of Civil Procedure section 338 ............................................................................. 13

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

California Code of Civil Procedure section 761.020 ....................................................................... 15

California Code of Civil Procedure section 761.020(b) ................................................................. 16

California Code of Civil Procedure section 761.020(c) ................................................................. 16

Federal Rules of Civil Procedure, Rule 12(b)(6) ............................................................................. 8

Federal Rules of Civil Procedure, Rule 8(a) .................................................................................... 9

Federal Rules of Civil Procedure, Rule 8(d) .................................................................................... 9

Federal Rules of Civil Procedure, Rule 8(d)(1) ............................................................................... 9

Title 15 United States Code section 1692(a)(5) ............................................................................ 12

Defendants NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING ("Shellpoint") and JP MORGAN MORTGAGE ACQUISITION CORPORATION ("Chase") (collectively, "Defendants") submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss the Verified Claim for Damages ("Complaint") filed by Plaintiffs DAVID AVILA AND JOHN HAYNE ("Plaintiffs").

## I.   INTRODUCTION

Plaintiffs' Complaint is vague, convoluted, and meritless. At base, it appears that Plaintiffs (only one of whom is the borrower) seek to cancel or void the Loan and obtain a free property. To support this theory, Plaintiff's claim that an unspecified "offer of performance" extinguished the Loan and that Defendants lack standing because they have not filed a "verified claim" and because it is "common knowledge that loans throughout the United States were Securities almost 100% of the time." Simply put, judicially noticeable facts belie Plaintiffs' allegations, and none of the claims asserted have merit. Accordingly, the Complaint should be dismissed.

## II.   RELEVANT FACTUAL BACKGROUND

Plaintiff's Complaint involves the real property located at 8651 Crane Road, Oakdale, California. (the "Property"). Plaintiff Avila allegedly has an ownership interest in the Property, but is not the borrower. Not grant deed to Avila appears in the County Recorder records. Instead, John Hayne obtained title to the Property in 2009, and took out a loan in the amount of $4365,000 in favor of Flagstar Bank. (Request for Judicial Notices, ("RJN"), Exabits 1, 2.)

Per the Complaint, Plaintiff Hayne is the Borrower under the Loan, and "remained a partner in the property investment." (Compl., ¶ 22.) Yet Plaintiffs seem to question whether Plaintiff Hayne is in contractual privity with any of the Defendants. (Compl., ¶ 114.)

Plaintiffs claim that Shellpoint and Chase lack standing, and take issue with an Assignment of the Deed of Trust. (Compl., ¶ 25.) Plaintiffs allege that "Defendants" (without specifying which) have started foreclosure proceedings relation to the Property. (Compl., ¶ 88.) In fact, the Loan has been in default since 2017. On June 16, 2017, a Notice of Default was recorded, outlining a default of $28,974.81. (RJN, Exhibit 3.) On May 29, 2024, a Notice of Default was recorded, outlining a default of $20,945.56. (RJN, Exhibit 4.) As that default was not cured, a

1  Notice of Sale was recorded on August 30, 2024, setting a foreclosure sale for October 4, 2024.
2  (RJN, Exhibit 5.)

3  Plaintiffs then claim that the Loan was "extinguished" because there was some sort of offer
4  of performance. (Compl., ¶¶ 94, 95.) Plaintiffs claim that Defendants have trespassed because
5  they "do not have evidence of any ownership of the loan." (Compl., ¶ 104.) Thus, at base, it
6  appears that Plaintiffs dispute the debt in question, and Defendants' ability to enforce the same.
7  However, none of Plaintiffs allegations support a cognizable claim.

8  Specifically, Plaintiffs bring claims for: 1) Violation of the Fair Debt Collection Practices
9  Act; 2) Trespass; 3) Breach of Contract; 3) Fraud (two counts); 4) Breach of Fiduciary Duty;
10  5) Promissory Estoppel; 6) Quiet Title (two counts); and 7) Violation of the UCL. However, as
11  set forth below, each claim fails.

## III.    DISMISSAL UNDER RULE 12(b)(6)

### A.    Motion to Dismiss Standard

Federal Rules of Civil Procedure, Rule 12(b) provides, in pertinent part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (6) failure to state a claim upon which relief can be granted.

Under Federal Rules of Civil Procedure, Rule 12(b)(6), a complaint may be properly dismissed for failure to state a claim upon which relief may be granted when the plaintiff's complaint fails to show an entitlement to relief. Pursuant to Rule 12(b)(6), a court may dismiss an action where the complaint fails to specify a cognizable legal theory for relief or fails to allege facts sufficient to establish the essential elements of a cognizable legal theory. *See, Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal under Rule 12(b)(6) for failure to state a claim is also proper where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Similarly, a Rule 12(b)(6) motion is also appropriate when the plaintiff has included allegations in the complaint that, on their face, disclose an absolute defense or bar to recovery. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

In reviewing a Rule 12(b)(6) motion, the court must accept as true all material allegations in the complaint and may properly look beyond the complaint only to items in the record of the case or to matters of general public record. *See, Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, should not accept as true unwarranted deductions of fact, legal characterizations, conclusory allegations or unreasonable inferences. *See, Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), *cert. denied*, 543 U.S. 1050 (2005); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). In addition, the Court may disregard allegations in a complaint if contradicted by facts established in documents exhibited or referenced, which are central to the plaintiff's claims. *Id*.

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), confirmed the requirement that pleadings must contain more than labels and unsupported conclusions. Noting that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" the Court emphasized that conclusory allegations are not entitled to be assumed true. *Id*. at 677-684 (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). Moreover, the complaint must provide more than "a formulaic recitation of the elements of a cause of action." *Twombley*, 550 U.S. at 555. Instead, in order to survive a motion to dismiss, the factual allegations have to amount to more than speculation, with the plaintiff obliged to provide "enough facts to state a claim to relief that is plausible on its face." *Id*. at 556. The plausibility standard does not equate to a "probability requirement," but does ask for more than a sheer possibility that a Defendants may have acted unlawfully. *Id*.

**B.** **Plaintiffs' Complaint Fails to Satisfy the Pleading Requirements of Rule 8**

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a). Rule 8(d)(1) further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). The filing of a complaint which violates Rule 8 warrants dismissal because it creates a significant burden on a Defendants to answer and on the court to decipher. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996); *Anserv Insurance Services, Inc.*

*v. Albrecht* 192 Ariz. 48, 50 (1998). While Rule 8 does not require detailed factual allegations, it does demand more than an unadorned, the-Defendants-unlawfully-harmed-me accusation and requires "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007). A pleading that merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not suffice, nor does a complaint that tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 555, 557.

In this case, Plaintiffs fail to satisfy even the minimal pleading requirements of Rule 8 as to Defendants. First, Plaintiff fail to provide any statement of a claim, much less a short plain statement of the same. Plaintiffs appear to allege that "Defendants" (without specifying which) engaged in some sort of fraud, do not have standing because they have not filed a "verified claim" and that the Loan was somehow extinguished. However, the Complaint provides no factual allegations or averments to support such bold claims. Moreover, Plaintiffs' factual allegations are conclusory, which, as further discussed below, are not entitled to a presumption of validity. Finally, Plaintiffs do not even list a rote recitation of the required elements of their claims. Instead, Plaintiffs' allegations contain vague and ambiguous blanket assertions of wrongdoing which create an undue burden on each Defendants to respond. Specifically, Plaintiffs' factual allegations and legal theories are so limited and convoluted that Defendants cannot ascertain exactly what causes of action are being asserted against them in order to properly respond to the allegations and/or or to raise appropriate and pertinent affirmative defenses. As a result, the Complaint falls well short of the pleading requirements of Fed. R. Civ. P. 8. Consequently, without more specificity, Plaintiffs' claims are deficient as pled and, therefore, the Complaint should be dismissed.

### C. Plaintiff Avila Lacks Standing

Plaintiff Avila is admittedly not a borrower under the Note and not a signatory to the Deed of Trust. (RJN, Exhibit 1.) It appears that all of Plaintiffs' claims stem from that contractual relationship, to which Plaintiff Avila is a stranger. Thus, Plaintiff Avila cannot be a "debtor" under the FDCPA, nor can he be a party to any of the claims which use the Loan as a predicate to liability. Thus, all claims asserted by Plaintiff Avila fail.

/ / /

### D. First Claim for Violation of Fair Debt Collection Practices Act Should be Dismissed

Plaintiffs' first claim in their Complaint is for Violation of the FDCPA. Plaintiffs allege that "Defendants" (without specifying which) have started foreclosure proceedings relation to the Property and demanding that insurance be placed to protect the Property. (Compl., ¶ 88.) Plaintiffs then state that the Loan was "extinguished" because there was some sort of offer of performance. (Compl., ¶¶ 94, 95.)

First, Shellpoint is a not a 'debt collector' as defined by the FDCPA, and thus no claim can be brought against it under this statute. The FDCPA prohibits "debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To be liable for a violation of the FDCPA, the defendant must – as a threshold requirement – be a debt collector within the meaning of the Act. *Putkkuri v. Recontrust Co.*, 2009 WL 32567, at *7 (S.D. Cal. Jan. 5, 2009). The law is well settled that the FDCPA's definition of debt collector does not include a mortgage servicing company. *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (citing *Perry v. Stewart Title Co*., 756 F.2d 1197, 1208 (5th Cir. 1985); *Long v. Bank of Am. Home Loans Servicing, LP*, 2010 U.S. Dist. Lexis 81183, *2-3 (Nev. Aug. 6, 2010); *Caballero v. Ocwen Loan Serv*., 2009 WL 1528128, *1 (N.D. Cal. 2009) ("creditors, mortgage and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the FDCPA … Ocwen is a 'loan servicer.' Therefore, it is not a 'debt collector' and no claim can be stated against it under the FDCPA"). As Shellpoint is servicing a mortgage loan, the FDCPA does not apply. Accordingly, this cause of action fails.

Second, Plaintiff brings this claim because Shellpoint is pursuing a nonjudicial foreclosure and recorded a Notice of Default. Specifically, Plaintiffs contends that Shellpoint and Chase cannot proceed to sale because of a dispute over hazard insurance and because the Loan was "extinguished." Yet engaging in a nonjudicial foreclosure does not fall within the purview of the FDCPA. *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019). And, there is no

evidence of basis to conclude that the Loan was "extinguished." Thus, this claim fails for this additional reason.

Third, no FDCPA claim can be brought regarding the Loan, as the Property is admittedly an "investment" in which the Plaintiffs are "partners" and it is not alleged that the Property is used primarily for personal, family, or household purposes. *See* 15 U.S.C. § 1692(a)(5); *Kitamura v. AOAO of Lihue Townhouse*, No. 12-00353 LEK-BMK, 2013 U.S. Dist. LEXIS 45535, at 13 (D. Haw. Mar. 29, 2013) (FDCPA claim improper for loan secured by rental property); *Johnson v. Wells Fargo Home Mortg., Inc*., No. 3:05-CV-0321-RAM, 2007 U.S. Dist. LEXIS 79989, 2007 WL 3226153, at 9 (D. Nev. Oct. 29, 2007) (mortgage loans used to acquire two residential investment properties that plaintiff did not occupy or use as his personal residence not subject to FDCPA).

Finally, Plaintiffs' FDCPA claim rests upon their claim that the Loan was somehow extinguished. Yet Plaintiffs do not allege that they paid the Loan in full or otherwise complied with all contractual obligations. Thus, this claim fails.

### E.  Second Claim for "Trespass, Trespass Quare Clausum Fregit" Should be Dismissed

To maintain an action of trespass, Plaintiffs must show that they had a possessory interest in the Property at the time that Defendants took possession. *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1041 (2009). Here, Plaintiffs' Complaint makes clear that they are still in possession of the Property and that a foreclosure has not occurred. There are no allegations that Defendants have taken possession, or entered upon, the Property. Instead, Plaintiffs claim that Defendants have trespassed because they "do not have evidence of any ownership of the loan." (Compl., ¶ 104.) Thus, this claim fails.

### F.  Third Claim for Breach of Contract Should be Dismissed

In order to succeed on their breach of contract causes of action, Plaintiffs must prove the following: (1) the existence of a contract, (2) plaintiffs' performance or excuse for nonperformance, (3) defendants' breach of the contract, and (4) the resulting damages to plaintiffs. *Reichert v. General Ins. Co. of America*, 68 Cal. 2d 822, 830, 69 Cal. Rptr. 321, 442 P.2d 377

(Cal. 1968). *Gallagher v. Wells*, No. 2:08-cv-03071 JFM (C), 2012 U.S Dist. LEXIS 109155, at *15 (E.D. Cal. Aug. 2, 2012).

In the instant case, Plaintiffs seem to question whether they are in contractual privity with Defendants. (Compl., ¶ 114.) No contract is identified, no contractual provision is specified, and not breach is articulated. And, Plaintiff Avila is not in contractual privity with Defendants. To the extent that the Deed of Trust is the operative contract, the borrower's default thereunder bars this claim. And, causation and damages are not properly pled. Thus, this claim fails.

### G.     **Fourth and Fifth Claims for Fraud Should be Dismissed**

Under California law, the elements for an action in fraud or deceit are: (1) false representation as to a material fact; (2) intent to defraud; (3) justifiable reliance; and (4) resulting damage. *Roberts v. Ball, Hunt, Hart, Brown & Baeerwitz,* 57 Cal.App.3d 104, 109 (1976). The circumstances constituting alleged fraud shall be stated "with particularity." Fed. R. Civ. P. 9(b); *see also Desaigoudar v. Meyercord,* 223 F.3d 1020, 1022-1023 (9th Cir. 2000) (fraud must be pled "with a high degree of meticulousness"). A plaintiff must include the "who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1006 (9th Cir.2003) (citation omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. Glenfed, Inc.,* 42 F.3d 1541, 1548 (9th Cir. 1994). "To comply with Federal Rule of Civil Procedure 9(b), a complaint alleging misrepresentation must state the time, place, and content of misrepresentations, as well as the misrepresenting parties." *Barajas v. Countrywide Home Loans, Inc.* 2012 WL 628007, *2 (C.D. Cal. Feb. 24, 2012) (citing *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010)). When asserting fraud against a corporation, a plaintiff must also specifically allege the names of the persons, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *Wang &Wang LLP v. Banco Do Brasil, S.A.,* 2007 WL 915232 at *2 (E.D. Cal. March 26, 2007). A three-year statute of limitations applies to a fraud cause of action. *Lee v. Escrow Consultants, Inc.,* 210 Cal.App.3d 915, 920 (1989); Cal. Code Civ. Proc. § 338.

Plaintiffs allege that Defendants engaged in fraud by asserting an interest in the Loan, not supplying a "verified claim," and preparing a "void" assignment, and recording a substitution of

trustee and notice of default. (Compl., ¶¶ 119-123.) Plaintiffs' "reliance" is that they did not sue the lender immediately. (Compl., ¶ 127.) No false statement is identified, why it is false, who made the statement, when it was made, and authority to bind Defendants. It is also undisputed that the Loan is in default and in foreclosure, and thus it is unclear what damages Plaintiffs claim. Accordingly, this claim fails and should be dismissed.

### H. Sixth Claim for Breach of Fiduciary Duty Should be Dismissed

The elements of a claim of breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) a breach of that duty; (3) damage as the result of the breach. *Rosal v. First Federal Bank of California*, 671 F.Supp.2d 1111, 1128 (N.D. Cal. 2009). Under California law, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Savings Loan Assn.*, 231 Cal. App. 3d 1089, 1093 n. 1, 283 Cal. Rptr. 53 (Cal. Ct. App. 1991). Similarly, loan servicers, like lenders, generally do not owe borrowers any fiduciary duty. See, e.g., *Abels v. Bank of America*, 2011 WL 1362074, at *1 (N.D. Cal. Apr. 11, 2011) (dismissing breach of fiduciary duty claim because "neither a lender nor a loan servicer . . . owe borrowers like plaintiff any fiduciary duty"); *Moreno v. Citibank, N.A.*, 2010 WL 1038222, *3 (N.D. Cal. Mar. 19, 2010) ("Courts have similarly concluded that loan servicers do not owe a fiduciary duty to borrowers."); *Shepherd v. Am. Home Mortg. Servs., Inc.*, 2009 WL 4505925, * 2 (E.D. Cal. Nov. 20, 2009) (loan servicer owes no fiduciary duty to borrower).

Here, Plaintiffs allege a lender-borrower relationship, and plead no facts to suggest that a fiduciary relationship arose between them and any defendants. None exists as a matter of law. Nor do Plaintiffs allege that Defendants have taken on that role via their actions, or have exceeded their scope as lender or servicer. Thus, this claim fails.

### I. Seventh Claim for Promissory Estoppel Should be Dismissed

To state a claim for promissory estoppel, Plaintiffs are required to allege facts demonstrating (1) a clear and unambiguous promise by Defendants, (2) Plaintiffs' reasonable and foreseeable reliance, (3) their substantial detriment or injury, caused by their reliance on the promise, and (4) their damages measured by the extent of the obligation assumed and not performed. *US Ecology, Inc. v. State,* 129 Cal.App.4th 887, 901 (2005); *Toscano v. Greene Music,*

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

14

124 Cal.App.4th 685, 692 (2004). Specific facts demonstrating each of the elements are essential - "[t]he party claiming estoppel must specifically plead all facts relied on to establish its elements." *Smith v. City and County of San Francisco,* 225 Cal.App.3d 38, 48 (1990) (citations omitted). Conclusory allegations are insufficient. *Gressley v. Williams,* 193 Cal.App.2d 636, 640-41 (1961). Promissory estoppel cannot be established absent allegations of a clear, unambiguous, and enforceable promise. *See, Lange v. TIG Ins. Co.* 68 Cal.App.4th 1179, 1185-1186 (1998); *see also, National Dollar Stores v. Wagnon,* 97 Cal.App.2d 915, 919 (1950) ("Estoppel cannot be established from...preliminary discussions and negotiations.") The promise must be one which the promisor should reasonably expect to induce reliance by the promisee. *Drennan v. Star Paving Co.,* 51 Ca1.2d 409 (1958).  Further, a plaintiff must allege facts demonstrating that they "substantial[ly] change[d] [their] position, either by act or forbearance, in reliance on the promise" *(Youngman v. Nev. Irrigation Dist.,* 70 Ca1.2d 240, 249 (1969)) and that their reliance was reasonable. "[T]here must be evident some unusual set of circumstances where no other remedy is available. There must be unconscionable injury and unjust enrichment of the party sought to be estopped." *Jirschik v. Farmers & Merch. Nat'l Bank,* 107 Cal.App.2d 405, 406 (1951).

Here, Plaintiffs merely conclude that "Enforcement of the DEFENDANTS' promise within the agreement is necessary to avoid significant injustice." (Compl., ¶ 141.)  Yet Plaintiffs do not identify the promise at issue, what that promised entailed, what actions Defendants have taken in violation of said promise, why said actions are violative, or that Plaintiffs substantially changed their position in reliance upon the promise.  No facts are pled whatsoever to support this claim.  It therefore fails.

### J. Eighth and Ninth Claims for Quiet Title Should be Dismissed

The elements of an action to quiet title are: (1) "the plaintiff is the owner and in possession of the land," and (2) "the defendant claims an interest therein adverse to [the plaintiff]." *South Shore Land Co. v. Petersen* (1964) 226 Cal. App. 2d 725, 740-741; *see also* Cal. Code Civ. Proc. § 761.020. Generally, a borrower may not quiet title against a secured lender without first paying the outstanding debt on which the deed of trust is based. *Miller v. Provost* (1994) 26 Cal. App. 4th 1703, 1707 ("mortgagor of real property cannot, without paying his debt, quiet his title against the

mortgagee"); *Aguilar v. Bocci* (1974) 39 Cal. App. 3d 475, 477 (borrower cannot quiet title without discharging the debt.). A cloud on title remains until the debt is paid. *Burns v. Hiatt* (1906) 149 Cal. 617, 620-622. Further, to state a quiet title cause of action, a plaintiff must state facts establishing he or she has superior title to the real property in dispute. *Twain Harte Homeowners Ass'n v. Patterson,* 193 Cal. App. 3d 184, 188 (1987); Cal. Code Civ. Proc. § 761.020(b). To seek quieted title, a plaintiff must allege "[t]he adverse claims to the title of the plaintiff against which a determination is sought." Cal. Code Civ. Proc. § 761.020(c).

Although there is no specific statute of limitations for an action to quiet title, the applicable time period is determined by the legal theory underlying the action. *See Ankoanda v. Walker-Smith*, 44 Cal. App. 4th 610 (1st Dist. 1996); *Muktarian v. Barmby*, 63 Cal. 2d 558 (1965).

Here, Plaintiffs claim that the Assignment, Substitution of trustee, and Notice of Default are void. (Compl., ¶¶ 143, 144, 151.) Plaintiffs claim that Defendants "have no security interest or other interest in the subject property." (Compl., ¶ 152.) Yet Plaintiffs do not deny that John Hayne is the borrower under the Loan, obtained the funds from said Loan, and executed the Note and Deed of Trust. It also cannot be disputed that the Loan is in default. Indeed, Plaintiffs have pursued a breach of contract claim based on said Loan. Plaintiffs have not alleged that they have paid off the Loan, or provided any basis to conclude that the Loan is void or invalid. Plaintiffs have not alleged superior title, that they have paid all liens, or that they have discharged any cloud against title. Thus, this claim fails.

### K. Tenth Claim for Violation of Business and Professions Code Section 17200 Should be Dismissed

Plaintiffs cannot state a cause of action for violation of California Business & Professions Code section 17200 ("UCL"). The UCL prohibits unfair competition, which is defined as any unlawful, unfair or fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200. A "reasonable particularity" pleading standard applies to a section 17200 claim. *Khoury v. Maly's of California* (1993) 14 Cal. App. 4th 612, 619. A claim may be brought under the UCL by a person who has suffered injury in fact and has lost money or property as a result of unfair competition. Cal. Bus. & Prof. Code § 17204. Thus, to establish standing under the UCL, a plaintiff must (1)

establish a loss or deprivation of money sufficient to qualify as injury in fact, *i.e.*, economic injury, and (2) show that the economic injury was the result of (caused by) the unfair business practice that is the gravamen of the claim. *See Kwikset Corp. v. Superior Court* (2011) 51 Cal. 4th 310, 337. Restitution is the only form of damages available under the UCL. *See Korea Supply Co. v. Lockheed Martin Corp*. (2002) 29 Cal. 4th 1134, 1147. Further, Plaintiff's UCL claim for unlawful conduct is derivative of his fatally defective claims set forth in her Complaint. *See Krantz v. BT Visual Images* (2001) 89 Cal. App. 4th 164, 178 (§17200 "unlawful" actions are incidental to and dependent on the validity or invalidity of the preceding claims for relief).

First, Plaintiffs lacks standing to bring a UCL claim as Plaintiffs cannot show that they have been deprived of money or property that is subject to restitution. Indeed, Plaintiffs' own default is the cause of any pending foreclosure. In *Jenkins v. JPMorgan Chase Bank, N.A*. (2013) 216 Cal. App. 4th 497, the court upheld a ruling sustaining a demurrer to a UCL claim, finding plaintiff had failed to demonstrate a causal link between the economic injury, an impending foreclosure, and the alleged unlawful conduct. *Jenkins*, 216 Cal. App. 4th at 522-23. Much like in *Jenkins*, any alleged damages caused by any future sale was caused by Plaintiffs' own default under the Loan.

Further, Plaintiff's UCL claim fails on the merits. The UCL establishes three varieties of unfair competition — unlawful, unfair, or fraudulent business practices. *Cel-Tech Comms., Inc. v. Los Angeles Cellular Telephone Co*. (1999) 20 Cal.4th 163, 181. Where a complaint alleges a statutory violation, such as the UCL claim here, the complaint must identify the particular statutory scheme that was violated and describe with reasonable particularity the facts supporting the violation. *Khoury v. Maly's of California, Inc.*, (1993) 14 Cal.App.4th 612, 619. Plaintiffs' Complaint lumps all defendants together, without specifying the conduct of each. This is a failure of the requisite particularity required.

To allege a business practice satisfies the **"unfair"** prong, a plaintiff must allege the "conduct threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.'" *Byars v. SCME Mortgage Bankers*

(2003) 109 Cal.App.4th 1134, 1147.  In the alternative, a practice is unfair if it violates public policy that is tethered to specific Constitutional, statutory or regulatory provisions.  *Scripps Clinic v. Sup. Ct.* (2003) 108 Cal.App.4th 917.  Here, Plaintiffs make no effort to plead facts sufficient to support an "unfair" practice, aside from asserting violations of statutory provisions already addressed in their Complaint.

Plaintiffs also do not allege facts to satisfy the **"fraudulent"** prong.  The general test for whether an act is considered "fraudulent" under the UCL is whether members of the general public are likely to be deceived.  *Comm. on Children's TV v. Gen. Foods Corp.* (1983) 35 Cal.3d 197, 211.  "Because fraud allegations involve a serious attack on the defendant, such allegations must be pled with particularity so that the court can weed out non-meritorious actions before a defendant is required to answer."  *Committee On Children's Television, Inc. v General Foods Corp.*, (1983) 35 Cal.3d 197, 216.  Every element of a fraud cause of action must be pled in full, factually and specifically.  *Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324.  The particularity requirement necessitates pleading facts that "show how, when, where, to whom, and by what means the representations were tendered."  *Stansfield v. Starkey* (1990) 220 Cal.App.3d 59.  Additionally, a fraud cause of action against a corporation must allege the specific names of the persons who made the misrepresentations or concealed material facts, their authority to speak for the corporation, to whom they spoke, what they said or wrote, and when it was said or written. *Tarmann v. State Farm Mutual Auto. Ins. Co.* (1991) 2 Cal.App.4th 153.  Plaintiffs do not allege anything beyond bald conclusions that would support such an allegation, and certainly not sufficient particularity against corporate defendants such as Shellpoint and Chase.

A claim for **"unlawful"** acts pursuant to section 17200 is only as valid as the underlying allegations that relate to the "borrowed" causes of action.  *DiPirro v. American Isuzu Motors, Inc.* (2004) 119 Cal.App.4th 966.  A "defendant cannot be liable under section 17200 for committing 'unlawful business practices' without having violated another law." *Ingles v. Westwood One Broadcasting Services, Inc.* (2005) 129 Cal.App.4th 1050, 1060.  As fully discussed above, Plaintiffs cannot rely on any of their other causes of action to serve as the basis for an "unlawful" claim under the UCL.

Accordingly, Plaintiffs' UCL claim fails under each prong asserted, and thus should be dismissed.

## IV. CONCLUSION

Based on the foregoing reasons, Plaintiffs' Complaint should be dismissed, with prejudice.

KLINEDINST PC

DATED:  October 9, 2024

By: _____*/s/ Jonathan C. Cahill*_____
Ian A. Rambarran
Jonathan C. Cahill
Attorneys for Defendants
NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING AND JP MORGAN MORTGAGE ACQUISITION CORPORATION

25654531.1