1  Ian A. Rambarran, Bar No. 227366
   irambarran@klinedinstlaw.com
2  Jonathan C. Cahill, Bar No. 287260
   jcahill@klinedinstlaw.com
3  KLINEDINST PC
   801 K Street, Suite 2100
4  Sacramento, California 95814
   (916) 282-0100/FAX (916) 444-7544
5

6  Attorneys for Defendants
   NEWREZ, LLC D/B/A SHELLPOINT
7  MORTGAGE SERVICING AND JP MORGAN
   MORTGAGE ACQUISITION CORPORATION
8

9              **UNITED STATES DISTRICT COURT**

10   **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

11

12  DAVID AVILA and JOHN HAYNE,          Case No. 2:24-cv-02264-TLN-CSK

13            Plaintiff,

14        v.                             **OPPOSITION TO PLAINTIFF'S
                                         MOTION FOR TEMPORARY
15  NEWREZ, LLC D/B/A SHELLPOINT         RESTRAINING ORDER**
    MORTGAGE SERVICING, JP MORGAN
16  MORTGAGE ACQUISITION
    CORPORATION, PEAK FORECLOSURE
17  SERVICES, INC., and DOES 1-10,

18            Defendants.

19

20

21

22

23

24

25

26

27

28

*(left margin vertical text)* KLINEDINST PC  801 K STREET, SUITE 2100  SACRAMENTO, CALIFORNIA 95814

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ....................................................................................................8

II. RELEVANT FACTS ..............................................................................................8

   A.  Factual History ...........................................................................................8

      1.  The Loan, Default, and Foreclosure Proceedings ...........................8

      2.  Plaintiffs' Disputes and Insurance.................................................9

      3.  Plaintiffs' Complaint ....................................................................10

      4.  Plaintiff's Motion .........................................................................11

III. LEGAL STANDARD FOR INJUNCTION ........................................................12

IV. LEGAL ARGUMENT ..........................................................................................13

   A.  Plaintiffs Seek to Enjoin a Sale set for October 4, 2024 .........................13

   B.  Plaintiffs Failed to Provide Proper Notice ..............................................13

   C.  Plaintiffs Delayed in Requesting the Relief Sought.................................14

   D.  Plaintiffs cannot establish any likelihood of success on the merits ........14

      1.  Plaintiffs Fail to Carry their Burden of Proof ..............................14

      2.  Plaintiffs' Complaint is Vague, Convoluted, and Fails to Satisfy the Pleading Requirements of Rule 8 ................................................15

      3.  Plaintiff Avila Lacks Standing .....................................................16

      4.  First Claim for Violation of Fair Debt Collection Practices Act Fails.........16

      5.  Second Claim for "Trespass, Trespass Quare Clausum Fregit" Fails..........18

      6.  Third Claim for Breach of Contract Fails .....................................18

      7.  Fourth and Fifth Claims for Fraud Fails........................................18

      8.  Sixth Claim for Breach of Fiduciary Duty Fails ...........................19

      9.  Seventh Claim for Promissory Estoppel Fails...............................20

      10. Eighth and Ninth Claims for Quiet Title Fails ..............................21

      11. Tenth Claim for Violation of Business and Professions Code Section 17200 Fails.....22

   E.  Balancing of Harms Tip In Shellpoint's Favor .......................................24

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

F.      Injunctive Relief is Not in the Public Interest ..........................................................25

V.      SHOULD AN INJUNCTION ISSUE, PLAINTIFF SHOULD POST BOND...................26

CONCLUSION .................................................................................................................................26

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abels v. Bank of America*
    2011 WL 1362074, at *1 (N.D. Cal. Apr. 11, 2011).......................................................... 20

*Abend v. MCA, Inc*.
    864 F. 2d 1465, 1479 (9th Cir. 1988) ............................................................................... 12

*Aguilar v. Bocci*
    (1974) 39 Cal. App. 3d 475 ............................................................................................... 21

*Aiello v. One West Bank*
    No. 2:10-cv-00227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010)............ 12

*Alvarado v. Bank of Am., N.A.*
    No. CV F 12-2078 LJO GSA, 2013 U.S. Dist. LEXIS 382, at *37 (E.D. Cal. Jan. 2,
    2013)................................................................................................................................. 25

*Amoco Co. v. Vill. Of Gambell, Alaska,*
    480 U.S. 531 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987) ............................................... 12

*Ankoanda v. Walker-Smith*
    44 Cal. App. 4th 610 (1st Dist. 1996) ............................................................................. 21

*Anserv Insurance Services, Inc. v. Albrecht*
    192 Ariz. 48, 50 (1998) .................................................................................................... 15

*Avila v. Citi Mortg. Inc*., No. 1:17-cv-1581-LJO-BAM, 2017 WL 5871473, at *1 (E.D.
    Cal. Nov. 29, 2017).......................................................................................................... 14

*Barajas v. Countrywide Home Loans, Inc.*
    2012 WL 628007, *2 (C.D. Cal. Feb. 24, 2012) ............................................................... 19

*Bell Atl. Corp. v. Twombley*
    550 U.S. 544, 555 (2007) ................................................................................................. 15

*Burns v. Hiatt*
    (1906) 149 Cal. 617.......................................................................................................... 21

*Byars v. SCME Mortgage Bankers*
    (2003) 109 Cal.App.4th 1134........................................................................................... 23

*Caballero v. Ocwen Loan Serv*.
    2009 WL 1528128, *1 (N.D. Cal. 2009)........................................................................... 16

*Cel-Tech Comms., Inc. v. Los Angeles Cellular Telephone Co*.
    (1999) 20 Cal.4th 163...................................................................................................... 23

*Comm. on Children's TV v. Gen. Foods Corp*.
    (1983) 35 Cal.3d 197....................................................................................................... 23

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

3

*Decker v. Glenfed, Inc.*
    42 F.3d 1541, 1548 (9th Cir. 1994) ................................................................. 19

*Desaigoudar v. Meyercord*
    223 F.3d 1020, 1022-1023 (9th Cir. 2000) ...................................................... 19

*DiPirro v. American Isuzu Motors, Inc.*
    (2004) 119 Cal.App.4th 966 ............................................................................. 24

*Drennan v. Star Paving Co.*
    51 Ca1.2d 409 (1958) ...................................................................................... 20

*Gallagher v. Wells*
    No. 2:08-cv-03071 JFM (C), 2012 U.S Dist. LEXIS 109155, at *15 (E.D. Cal. Aug.
    2, 2012) ............................................................................................................ 18

*Garcia v. Seterus, Inc.*
    No. CV F 12-2049 LJO SAB, 2013 U.S. Dist. LEXIS 38325, at *11 (E.D. Cal.
    Mar. 19, 2013) ................................................................................................. 25

*Gressley v. Williams*
    193 Cal.App.2d 636, 640-41 (1961) ................................................................ 20

*Heflebower v. United States Bank Nat'l Ass'n,*
    No. CV F 13-1121 LJO MJS, 2013 U.S. Dist. LEXIS 103126, at *50 (E.D. Cal.
    July 23, 2013) .................................................................................................. 25

*Heintz v. Jenkins*
    514 U.S. 291, 292 (1995) ................................................................................ 16

*Indep. Living Ctr of S. Cal., Inc. v. Maxwell–Jolly*, 572 F.3d 644, 651 (9th Cir.2009) .................. 12

*Ingles v. Westwood One Broadcasting Services, Inc.*
    (2005) 129 Cal.App.4th 1050 .......................................................................... 24

*Jenkins v. JPMorgan Chase Bank, N.A.*
    (2013) 216 Cal. App. 4th 497 .......................................................................... 23

*Jirschik v. Farmers & Merch. Nat'l Bank*
    107 Cal.App.2d 405, 406 (1951) ..................................................................... 21

*Johnson v. Couturier*
    572 F.3d 1067, 1081 (9th Cir.2009) ........................................................ 13, 26

*Johnson v. Wells Fargo Home Mortg., Inc.*
    No. 3:05-CV-0321-RAM, 2007 U.S. Dist. LEXIS 79989, 2007 WL 3226153, at 9
    (D. Nev. Oct. 29, 2007) ................................................................................... 17

*Khoury v. Maly's of California*
    (1993) 14 Cal. App. 4th 612 ..................................................................... 22, 23

*Kitamura v. AOAO of Lihue Townhouse*
    No. 12-00353 LEK-BMK, 2013 U.S. Dist. LEXIS 45535, at 13 (D. Haw. Mar. 29,
    2013) ............................................................................................................... 17

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

*Korea Supply Co. v. Lockheed Martin Corp.*
(2002) 29 Cal. 4th 1134 ...................................................................................................... 22

*Krantz v. BT Visual Images*
(2001) 89 Cal. App. 4th 164 ................................................................................................ 22

*Kwikset Corp. v. Superior Court*
(2011) 51 Cal. 4th 310 ........................................................................................................ 22

*Lal v. Am. Home Servicing, Inc.*
680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) ..................................................................... 16

*Lange v. TIG Ins. Co.*
68 Cal.App.4th 1179, 1185-1186 (1998) .............................................................................. 20

*Lee v. Escrow Consultants, Inc.*
210 Cal.App.3d 915, 920 (1989) .......................................................................................... 19

*Long v. Bank of Am. Home Loans Servicing, LP*
2010 U.S. Dist. Lexis 81183, *2-3 (Nev. Aug. 6, 2010) ...................................................... 16

*Mazurek v. Armstrong*
520 U.S. 968, 972 (1997) ..................................................................................................... 12

*McDowell v. Watson*
59 Cal. App. 4th 1155, 1160 (1997) ..................................................................................... 13

*McHenry v. Renne*
|84 F.3d 1172, 1180 (9th Cir. 1996) ..................................................................................... 15

*Miller v. Provost*
(1994) 26 Cal. App. 4th 1703 .............................................................................................. 21

*Moreno v. Citibank, N.A.*
2010 WL 1038222, *3 (N.D. Cal. Mar. 19, 2010) ................................................................ 20

*Muktarian v. Barmby*
63 Cal. 2d 558 (1965) ......................................................................................................... 21

*National Dollar Stores v. Wagnon*
97 Cal.App.2d 915, 919 (1950) ............................................................................................ 20

*Nymark v. Heart Fed. Savings Loan Assn.*
231 Cal. App. 3d 1089, 1093 n. 1, 283 Cal. Rptr. 53 (Cal. Ct. App. 1991) ......................... 20

*Obduskey v. McCarthy & Holthus LLP*
139 S. Ct. 1029, 1038 (2019) ............................................................................................... 17

*Perry v. Stewart Title Co.*
756 F.2d 1197, 1208 (5th Cir. 1985) .................................................................................... 16

*Putkkuri v. Recontrust Co.*
2009 WL 32567, at *7 (S.D. Cal. Jan. 5, 2009) .................................................................... 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

*Reichert v. General Ins. Co. of America*
  68 Cal. 2d 822, 830, 69 Cal. Rptr. 321, 442 P.2d 377 (Cal. 1968) ................................... 18

*Roberts v. Ball, Hunt, Hart, Brown & Baeerwitz*
  57 Cal.App.3d 104, 109 (1976).................................................................................... 18

*Rosal v. First Federal Bank of California*
  671 F.Supp.2d 111, 1128 (N.D. Cal. 2009) ................................................................. 19

*Sanford v. MemberWorks, Inc.*
  625 F.3d 550, 558 (9th Cir. 2010)................................................................................ 19

*Scripps Clinic v. Sup. Ct.*
  (2003) 108 Cal.App.4th 917 ........................................................................................ 23

*Shell Oil Co. v. Richter*
  52 Cal. App.2d 164, 168 (1942)................................................................................... 13

*Shepherd v. Am. Home Mortg. Servs., Inc.*
  2009 WL 4505925, * 2 (E.D. Cal. Nov. 20, 2009) ...................................................... 20

*Shore Land Co. v. Petersen*
  (1964) 226 Cal. App. 2d 725 ....................................................................................... 21

*Smith v. City and County of San Francisco*
  225 Cal.App.3d 38, 48 (1990)...................................................................................... 20

*Spinks v. Equity Residential Briarwood Apartments*
  171 Cal. App. 4th 1004, 1041 (2009)........................................................................... 18

*Stansfield v. Starkey*
  (1990) 220 Cal.App.3d 59 ........................................................................................... 24

*Tarmann v. State Farm Mutual Auto. Ins. Co.*
  (1991) 2 Cal.App.4th 153 ............................................................................................ 24

*Toscano v. Greene Music*
  124 Cal.App.4th 685, 692 (2004)................................................................................. 20

*Twain Harte Homeowners Ass'n v. Patterson*
  193 Cal. App. 3d 184, 188 (1987)................................................................................ 21

*US Ecology, Inc. v. State*
  129 Cal.App.4th 887, 901 (2005)................................................................................. 20

*Valenzuela v. Wells Fargo Bank, Nat'l Ass'n,*
  No. CV F 13-1620 LJO GSA, 2013 U.S. Dist. LEXIS 145675, at *11-12 (E.D. Cal.
  Oct. 8, 2013)................................................................................................................ 25

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097, 1006 (9th Cir.2003)............................................................................. 19

*Wang &Wang LLP v. Banco Do Brasil, S.A.*
  2007 WL 915232 at *2 (E.D. Cal. March 26, 2007)..................................................... 19

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

6

TABLE OF CONTENTS

*Wilhelm v. Pray, Price, Williams & Russell*
    (1986) 186 Cal.App.3d 1324 ................................................................................ 24

*Winter v. Nat'l Res. Def. Council, Inc.*
    555 U.S. 7, 129 S.Ct. 365, 374 (2008) .................................................. 12, 13

*Youngman v. Nev. Irrigation Dist.*
    70 Ca1.2d 240, 249 (1969) ............................................................................... 21

## STATUTES

California Business & Professions Code section 17200 ......................................................... 22

California Business & Professions Code section 17204 ......................................................... 22

California Code of Civil Procedure section 338 ........................................................................ 19

California Code of Civil Procedure section 761.020 ............................................................... 21

California Code of Civil Procedure section 761.020(b) .......................................................... 21

California Code of Civil Procedure section 761.020(c) .......................................................... 21

Federal Rules of Civil Procedure, Rule 65 ............................................................................... 13

Federal Rules of Civil Procedure, Rule 65(b)(1)(A) ............................................................... 13

Federal Rules of Civil Procedure, Rule 65(c) .......................................................................... 26

Federal Rules of Civil Procedure, Rule 8(a) ............................................................................ 15

Federal Rules of Civil Procedure, Rule 8(d) ............................................................................ 15

Federal Rules of Civil Procedure, Rule 8(d)(1) ....................................................................... 15

Title 15 United States Code section 1692(a)(5) ....................................................................... 17

## OTHER AUTHORITIES

USDC Eastern District of California Local Rules, Rule 231(a) ............................................. 13

USDC Eastern District of California Local Rules, Rule 231(b) ............................................. 14

USDC Eastern District of California Local Rules, Rule 231(c)(5) ........................................ 13

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

1   Defendants NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING

2   ("Shellpoint") and JP MORGAN MORTGAGE ACQUISITION CORPORATION ("Chase")

3   (collectively, "Defendants") submit the following Opposition to DAVID AVILA and JOHN HAYNE

4   ("Plaintiffs") Motion for Temporary Restraining Order ("Motion") in this matter.

## I.    INTRODUCTION

In their Motion, Plaintiffs claim that they have never missed a payment on the Loan, and that due to "title defects" Defendants are unable to foreclose.  However, the facts show that the Loan is in default and that the foreclosure sale has been duly noticed.  Accordingly, Defendants respectfully request that the Court deny the improper request for injunctive relief, as Plaintiffs cannot establish any likelihood of success on the merits.

Furthermore, Plaintiffs' underlying Complaint is vague, convoluted, and meritless.  At base, it appears that Plaintiffs (only one of whom is the borrower) seek to cancel or void the Loan and obtain a free property.  To support this theory, Plaintiff's claim that an unspecified "offer of performance" extinguished the Loan and that Defendants lack standing because they have not filed a "verified claim" and because it is "common knowledge that loans throughout the United States were Securities almost 100% of the time."  Simply put, judicially noticeable facts belie Plaintiffs' allegations, and none of the claims asserted have merit.

## II.    RELEVANT FACTS

### A.    Factual History

#### 1.    The Loan, Default, and Foreclosure Proceedings

Shellpoint is the current servicer of the subject loan, which is in default.  (Declaration of Brittney Burdette ("Burdette Decl."), at ¶ 4.)

On or about March 17, 2009, Plaintiff John Hayne executed a promissory note (the "Note") in the principal amount of $365,000 in favor of Flagstar Bank, FSB.  (Burdette Decl., at ¶ 5; **Exhibit 1**.)  The loan is secured by the Property via a Deed of Trust dated March 17, 2009.  (Burdette Decl., at ¶ 6; **Exhibit 2**.)

The Loan was assigned from Flagstar Bank, FSB to Ditech Financial LLC.  (Burdette Decl., at ¶ 7; **Exhibit 3**.)  It was then assigned from Ditech Financial LLC to New Residential Mortgage

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

LLC.  (Burdette Decl., at ¶ 8; **Exhibit 4**.)  The Loan was assigned from New Residential Mortgage LLC to Fannie Mae.  (Burdette Decl., at ¶ 9; **Exhibit 5**.)  The Loan was finally assigned from Fannie Mae to Chase.  (Burdette Decl., at ¶ 10; **Exhibit 6**.)

On June 16, 2017, a Notice of Default was recorded.  (Burdette Decl., at ¶ 11; **Exhibit 7**.)

On May 29, 2024, another Notice of Default was recorded.  (Burdette Decl., at ¶ 12; **Exhibit 8**.)

On August 30, 2024, a Notice of Sale was recorded.  (Burdette Decl., at ¶ 13; **Exhibit 9**.)

### 2. Plaintiffs' Disputes and Insurance

Effective January 1, 2020, Shellpoint became the servicer of the Loan.  At the time Shellpoint began servicing the Loan, it was escrowed for taxes.  (Burdette Decl., at ¶ 14.)

Shellpoint received notice that Plaintiff's insurance was cancelled.  (Burdette Decl., at ¶ 16; **Exhibit 11**.)  Thus, Shellpoint had to purchase insurance for the Property as Plaintiffs failed to provide proof of the same.   (Burdette Decl., at ¶ 17.)

Shellpoint provided multiple warning letters to Plaintiffs regarding the lack of insurance. As Plaintiffs failed to provide proof of adequate insurance, Shellpoint had to purchase lender placed insurance. (Burdette Decl., at ¶ 18; **Exhibit 12**.)

Plaintiffs then began disputing the default on the Loan.  In response to each inquiry, Shellpoint provided a detailed explanation and breakdown of the default on the Loan and how it accrued.  These letters also explained by the Loan was escrowed for taxes, and for what periods.

Specifically, on December 1, 2022, Shellpoint sent Plaintiffs a letter detailing payments received, proof of payments provided, and explaining why the Loan was delinquent.  (Burdette Decl., at ¶ 15; **Exhibit 10**.)

On February 7, 2023, Shellpoint sent Plaintiffs a letter detailing payments received, proof of payments provided, the fees on the Loan, and explaining why the Loan was delinquent.  That letter explained that proof of insurance was needed for the Loan, and how to provide the same.  (Burdette Decl., at ¶ 19; **Exhibit 13**.)

On November 16, 2023, Shellpoint sent Plaintiffs a letter again explaining why the Loan was delinquent.  That letter explained that proof of insurance was needed for the Loan, and that Shellpoint

needed proof of coverage for the period of February 26, 2022-Febaruy 26, 2023.  (Burdette Decl., at ¶ 20; **Exhibit 14**.)

On February 26, 2024, Shellpoint sent a letter to the Plaintiffs informing them that it did not have proof of insurance for the Property, and thus purchased lender placed insurance.  This was reiterated in a letter dated February 27, 2024.  (Burdette Decl., at ¶ 21; **Exhibit 15**.)

On April 8, 2024, Shellpoint sent Plaintiffs a letter again explaining why the Loan was delinquent, how escrow was calculated, and that the submitted insurance policy could not be accepted because it did not list the borrower as the insured or have a proper mortgagee clause.  (Burdette Decl., at ¶ 22; **Exhibit 16**.)

On July 15, 2024, Shellpoint sent Plaintiffs a letter again going over the foregoing, and that proof of insurance had still not been provided.  (Burdette Decl., at ¶ 23; **Exhibit 17**.)

On August 29, 2024, Shellpoint sent Plaintiffs a letter summarizing and going over each of the foregoing letters. It explained certain charges challenged by the Plaintiffs. It also explained why, again, improper proof of insurance had been provided. This letter explained that, to cancel the lender-placed insurance policy, Shellpoint needed proof of proper insurance with the borrower as insured and with a proper mortgagee clause.  This letter included a payment history and explained that the Loan was delinquent in the amount of $33,644.66 and the Loan was due for the January 1, 2024 payment.  This letter also reiterated and attached the foregoing letters of explanation.  (Burdette Decl., at ¶ 24; **Exhibit 18**.)

As of September 28, 2024, the total payoff on the Loan is $228,168.22.  As of that date, the Loan was due for the January 1, 2024 payment.  (Burdette Decl., at ¶ 25.)

### 3. Plaintiffs' Complaint

Plaintiff's Complaint involves the real property located at 8651 Crane Road, Oakdale, California. (the "Property").  Plaintiff Avila allegedly has an ownership interest in the Property, but is not the borrower.  Not grant deed to Avila appears in the County Recorder records.  Instead, John Hayne obtained title to the Property in 2009, and took out a loan in the amount of $4365,000 in favor of Flagstar Bank.  (Request for Judicial Notices, ("RJN"), Exabits 1, 2.)

/ / /

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

1    Per the Complaint, Plaintiff Hayne is the Borrower under the Loan, and "remained a

2    partner in the property investment." (Compl., ¶ 22.)  Yet Plaintiffs seem to question whether

3    Plaintiff Hayne is in contractual privity with any of the Defendants.  (Compl., ¶ 114.)

4    Plaintiffs claim that Shellpoint and Chase lack standing, and take issue with an Assignment

5    of the Deed of Trust.  (Compl., ¶ 25.)  Plaintiffs allege that "Defendants" (without specifying

6    which) have started foreclosure proceedings relation to the Property.  (Compl., ¶ 88.)  In fact, the

7    Loan has been in default since 2017.  On June 16, 2017, a Notice of Default was recorded,

8    outlining a default of $28,974.81.  (Burdette Decl., at ¶ 11; **Exhibit 7**.)  That default persisted, and

9    on May 29, 2024, a Notice of Default was recorded, outlining a default of $20,945.56.  (Burdette

10    Decl., at ¶ 12; **Exhibit 8**.)  As that default was not cured, a Notice of Sale was recorded on August

11    30, 2024, setting a foreclosure sale for October 4, 2024.  (Burdette Decl., at ¶ 13; **Exhibit 9**.)

12    Plaintiffs then claim that the Loan was "extinguished" because there was some sort of offer

13    of performance.  (Compl., ¶¶ 94, 95.)  Plaintiffs claim that Defendants have trespassed because

14    they "do not have evidence of any ownership of the loan." (Compl., ¶ 104.)  Thus, at base, it

15    appears that Plaintiffs dispute the debt in question, and Defendants' ability to enforce the same.

16    However, none of Plaintiffs allegations support a cognizable claim.

17    Specifically, Plaintiffs bring claims for: 1) Violation of the Fair Debt Collection Practices

18    Act; 2) Trespass; 3) Breach of Contract; 3) Fraud (two counts); 4) Breach of Fiduciary Duty;

19    5) Promissory Estoppel; 6) Quiet Title (two counts); and 7) Violation of the UCL.  However, as

20    set forth below, each claim fails.

21             **4.    Plaintiff's Motion**

22    Plaintiffs claim that they have "complied with all contractual obligations under their mortgage

23    agreement, including timely payments and maintaining valid homeowner's insurance." (ECF No.

24    19-1, Brief in Support of TRO at 1:25-26.)  Plaintiffs then claim that Shellpoint improperly force

25    placed insurance.  (*Id*. at 2:7-9.)  Plaintiffs go on to claim the all defendants have no "legal authority

26    to foreclose" on the Property.  (*Id*. at 5:15-17.)  Plaintiffs then claim that defendants lack standing

27    due to unspecified issues with an unidentified assignment.   (*Id*. at 6:5-8.)

28    / / /

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

Plaintiff Avila avers that he made the payments on the Loan, not borrower John Hayne. (Declaration of David Avila, ¶ 5.) Avila simply has a contract with Hayne regarding ownership of the Loan. (*Id.*)

Plaintiffs ignore the fact that the Loan has been in default since 2017, and that Shellpoint only purchased insurance after it received notice of cancellation of Plaintiffs' policy and provided multiple warnings to Plaintiffs. Plaintiffs' allegations as to standing are vague, convoluted, and meritless. Thus, the Motion fails.

## III.   LEGAL STANDARD FOR INJUNCTION

The Ninth Circuit recognizes that "an injunction is a harsh and drastic discretionary remedy, never an absolute right." *Abend v. MCA, Inc*., 864 F. 2d 1465, 1479 (9th Cir. 1988). To obtain a preliminary injunction or TRO, Plaintiff must demonstrate: (a) a likelihood of success on the merits; (b) a risk of irreparable harm absent injunctive relief; (c) that the balance of equities tip in favor of injunctive relief; and (d) that injunctive relief is in the public interest. *Winter v. Nat'l Res. Def. Council, Inc*., 555 U.S. 7, 129 S.Ct. 365, 374 (2008). A preliminary injunction is an "extraordinary and drastic remedy" and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc*., 555 U.S. 7, 129 S.Ct. 365, 375, 172 L.Ed.2d 249. In considering the four factors, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 129 S.Ct. at 376 (quoting *Amoco Co. v. Vill. Of Gambell, Alaska*, 480 U.S. 531 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)); *Indep. Living Ctr of S. Cal., Inc. v. Maxwell–Jolly* 572 F.3d 644, 651 (9th Cir.2009).

In the Eastern District of California, courts construe a motion for a TRO as a motion for preliminary injunction. E.D. Cal. L.R. 231(a); *see also Aiello v. One West Bank*, No. 2:10-cv-00227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Fed. R. Civ. P. 65 provides that "the court may issue a temporary restraining order . . . if specific facts in . . . a verified complaint show that immediate or irreparable injury, loss, or damage will result" if the relief sought is denied. Fed. R. Civ. P. 65(b)(1)(A). However, injunctive relief is a remedy, not a distinct cause of action. *Shell Oil Co. v. Richter*, 52 Cal. App.2d 164, 168 (1942). More emphatically, "injunctive relief is never the gravamen of a cause of action." *McDowell v. Watson*, 59 Cal. App. 4th 1155, 1160 (1997).

Preliminary injunctive relief is available only if Plaintiff "demonstrate[s] that irreparable injury is likely in the absence of an injunction." *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir.2009) (quoting *Winter*, 129 S.Ct. at 375) (noting that the Supreme Court in *Winter* rejected the Ninth Circuit's "possibility of irreparable harm" test).

Under this standard, Plaintiff's Motion fails.

## IV.    **LEGAL ARGUMENT**

### A.    **Plaintiffs Seek to Enjoin a Sale set for October 4, 2024**

In their Motion, Plaintiffs seek to "stay any Foreclosure actions…on August 21st, 2024, but recently moved to October 4, 2024." (ECF No. 19, at ¶ 4.)  First, this date has passed and thus the relief sought is moot.  Thus, the Motion should be denied as moot.

### B.    **Plaintiffs Failed to Provide Proper Notice**

Per Local Rule 231(a), Plaintiffs are required to provide notice to Defendants of their Motion.  The Rule specifies that "[a]ppropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested of the Court, and the nature of the relief to be requested." E.D. Cal. L.R. 231(a). In turn, Local Rules 231(c)(5) requires that the Motion to accompanied by a declaration detailing such notice.  E.D. Cal. L.R. 231(c)(5).

Here, Plaintiffs have not filed a declaration setting forth appropriate notice as required by the Local Rules.  Plaintiffs did not provide Defendants with notice of Plaintiffs' "intention to seek a temporary restraining order, the date and time for hearing to be requested of the Court, and the nature of the relief to be requested."  E.D. Cal. L.R. 231(a).  Thus, the Motion should be denied on this basis alone.

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

**C.      Plaintiffs Delayed in Requesting the Relief Sought**

Per Local Rule 231(b), relevant to the inquiry of whether a TRO should be granted is "whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order."  Should the Court find such a delay, the Court may deny the requested TRO on those grounds alone.  E.D. Cal. L.R. 231(b).

Here, Plaintiffs may be seeking to enjoin a foreclosure sale set for November 8, 2024. Plaintiffs filed their Complaint on August 21, 2024, and Plaintiffs' prior motion for TRO was denied on October 3, 2024.  The Court denied that motion, in part, based on Plaintiffs failing to show their diligence in seeking such relief.  (ECF No. 15.)  Plaintiffs then waited until October 23, 2024 to file the instant Motion.  Much like the prior request, Plaintiffs "fail to explain why they did not seek injunctive relief earlier." (ECF No. 15 at pg. 4.)  And, as the Court has noted, Plaintiffs have been aware that the Loan was in default for months and yet have waiting until the last minute to act.  (ECF No. 15 at pg. 5.)

And, the Loan has been in default since 2017.  (Burdette Decl., at ¶ 11; **Exhibit 7**.)  That default persisted, and on May 29, 2024, a Notice of Default was recorded, outlining a default of $20,945.56.  (Burdette Decl., at ¶ 12; **Exhibit 8**.)  As that default was not cured, a Notice of Sale was recorded on August 30, 2024.  (Burdette Decl., at ¶ 13; **Exhibit 9**.)  Seven years after their default, Plaintiffs now move for injunctive relief on the eve of foreclosure.  This unexplained delay dooms Plaintiffs' Motion.  *See, e.g., Avila v. Citi Mortg. Inc.*, No. 1:17-cv-1581-LJO-BAM, 2017 WL 5871473, at *1 (E.D. Cal. Nov. 29, 2017) (denying plaintiff's TRO request under Local Rule 231(b) because plaintiff failed to "explain why he waited until the last possible moment to attempt to block the sale.").  Accordingly, the Motion should be denied on this basis alone.

**D.      Plaintiffs cannot establish any likelihood of success on the merits**

**1.      Plaintiffs Fail to Carry their Burden of Proof**

As an initial matter, Plaintiffs fail to carry their burden of proof to show a likelihood of success on the merits.  Plaintiffs merely point to a completely different case, *Cardin v. Newrez*,

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

and claim that somehow that shows a likelihood of success on the merits in this case.  (ECF 19-1, at 8:20-27; 9:1-2.)  Yet Plaintiffs do not provide any factual or legal analysis to come to such a conclusion, nor do they attempt to discuss, analyze, or support any of the claims set forth in their Complaint.  Thus, the Motion should be denied.

### 2.    Plaintiffs' Complaint is Vague, Convoluted, and Fails to Satisfy the Pleading Requirements of Rule 8

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a). Rule 8(d)(1) further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). The filing of a complaint which violates Rule 8 warrants dismissal because it creates a significant burden on a Defendants to answer and on the court to decipher. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996); *Anserv Insurance Services, Inc. v. Albrecht* 192 Ariz. 48, 50 (1998). While Rule 8 does not require detailed factual allegations, it does demand more than an unadorned, the-Defendants-unlawfully-harmed-me accusation and requires "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007). A pleading that merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not suffice, nor does a complaint that tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id*. at 555, 557.

In this case, Plaintiffs fail to satisfy even the minimal pleading requirements of Rule 8 as to Defendants. First, Plaintiff fail to provide any statement of a claim, much less a short plain statement of the same. Plaintiffs appear to allege that "Defendants" (without specifying which) engaged in some sort of fraud, do not have standing because they have not filed a "verified claim" and that the Loan was somehow extinguished.  However, the Complaint provides no factual allegations or averments to support such bold claims.  Moreover, Plaintiffs' factual allegations are conclusory, which, as further discussed below, are not entitled to a presumption of validity. Finally, Plaintiffs do not even list a rote recitation of the required elements of their claims. Instead, Plaintiffs' allegations contain vague and ambiguous blanket assertions of wrongdoing which create an undue burden on each Defendants to respond. Specifically, Plaintiffs' factual allegations and legal theories are so limited and convoluted that Defendants cannot ascertain exactly what causes of action are

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

1  being asserted against them in order to properly respond to the allegations and/or or to raise

2  appropriate and pertinent affirmative defenses. As a result, the Complaint falls well short of the

3  pleading requirements of Fed. R. Civ. P. 8. Consequently, their Complaint cannot support a request

4  for injunctive relief.

### 3.   Plaintiff Avila Lacks Standing

6  Plaintiff Avila is admittedly not a borrower under the Note and not a signatory to the Deed

7  of Trust.  (Burdette Decl., at ¶¶ 5, 6; **Exhibits 1, 2**.)  It appears that all of Plaintiffs' claims stem

8  from that contractual relationship, to which Plaintiff Avila is a stranger.  Thus, Plaintiff Avila

9  cannot be a "debtor" under the FDCPA, nor can he be a party to any of the claims which use the

10  Loan as a predicate to liability.   Thus, all claims asserted by Plaintiff Avila fail and cannot

11  support a request for injunctive relief.

### 4.   First Claim for Violation of Fair Debt Collection Practices Act Fails

13  Plaintiffs' first claim in their Complaint is for Violation of the FDCPA.  Plaintiffs allege

14  that "Defendants" (without specifying which) have started foreclosure proceedings relation to the

15  Property and demanding that insurance be placed to protect the Property.  (Compl., ¶ 88.)

16  Plaintiffs then state that the Loan was "extinguished" because there was some sort of offer of

17  performance.  (Compl., ¶¶ 94, 95.)

18  First, Shellpoint is a not a 'debt collector' as defined by the FDCPA, and thus no claim can

19  be brought against it under this statute.  The FDCPA prohibits "debt collectors from making false

20  or misleading representations and from engaging in various abusive and unfair practices." *Heintz*

21  *v. Jenkins*, 514 U.S. 291, 292 (1995).  To be liable for a violation of the FDCPA, the defendant

22  must – as a threshold requirement – be a debt collector within the meaning of the Act. *Putkkuri v.*

23  *Recontrust Co.*, 2009 WL 32567, at *7 (S.D. Cal. Jan. 5, 2009).  The law is well settled that the

24  FDCPA's definition of debt collector does not include a mortgage servicing company. *Lal v. Am.*

25  *Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (citing *Perry v. Stewart Title*

26  *Co*., 756 F.2d 1197, 1208 (5th Cir. 1985); *Long v. Bank of Am. Home Loans Servicing, LP*, 2010

27  U.S. Dist. Lexis 81183, *2-3 (Nev. Aug. 6, 2010); *Caballero v. Ocwen Loan Serv.*, 2009 WL

28  1528128, *1 (N.D. Cal. 2009) ("creditors, mortgage and mortgage servicing companies are not

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

'debt collectors' and are exempt from liability under the FDCPA … Ocwen is a 'loan servicer.' Therefore, it is not a 'debt collector' and no claim can be stated against it under the FDCPA"). As Shellpoint is servicing a mortgage loan, the FDCPA does not apply.  Accordingly, this cause of action fails.

Second, Plaintiff brings this claim because Shellpoint is pursuing a nonjudicial foreclosure and recorded a Notice of Default.  Specifically, Plaintiffs contends that Shellpoint and Chase cannot proceed to sale because of a dispute over hazard insurance and because the Loan was "extinguished."  Yet engaging in a nonjudicial foreclosure does not fall within the purview of the FDCPA. *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019).  And, there is no evidence of basis to conclude that the Loan was "extinguished."  Thus, this claim fails for this additional reason.

Third, no FDCPA claim can be brought regarding the Loan, as the Property is admittedly an "investment" in which the Plaintiffs are "partners" and it is not alleged that the Property is used primarily for personal, family, or household purposes.  *See* 15 U.S.C. § 1692(a)(5); *Kitamura v. AOAO of Lihue Townhouse*, No. 12-00353 LEK-BMK, 2013 U.S. Dist. LEXIS 45535, at 13 (D. Haw. Mar. 29, 2013) (FDCPA claim improper for loan secured by rental property); *Johnson v. Wells Fargo Home Mortg., Inc.*, No. 3:05-CV-0321-RAM, 2007 U.S. Dist. LEXIS 79989, 2007 WL 3226153, at 9 (D. Nev. Oct. 29, 2007) (mortgage loans used to acquire two residential investment properties that plaintiff did not occupy or use as his personal residence not subject to FDCPA).

Fourth, Plaintiffs' allegations regarding improperly force placed insurance are meritless. As discussed above, Shellpoint received a notice of cancellation of Plaintiffs' insurance.  After repeated warnings, Shellpoint purchased a policy.  It explained this again and again to Plaintiffs in detail, provided escrow statements and policy information, and gave them specific instructions on how to purchase their own insurance with proper coverage and a mortgagee clause.   Simply put, Plaintiffs have refused to maintain proper insurance for the Property and provide proof of the same.

/ / /

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

Finally, Plaintiffs' FDCPA claim rests upon their claim that the Loan was somehow extinguished. Yet Plaintiffs do not allege that they paid the Loan in full or otherwise complied with all contractual obligations. Thus, this claim fails.

### 5.    Second Claim for "Trespass, Trespass Quare Clausum Fregit" Fails

To maintain an action of trespass, Plaintiffs must show that they had a possessory interest in the Property at the time that Defendants took possession. *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1041 (2009). Here, Plaintiffs' Complaint makes clear that they are still in possession of the Property and that a foreclosure has not occurred. There are no allegations that Defendants have taken possession, or entered upon, the Property. Instead, Plaintiffs claim that Defendants have trespassed because they "do not have evidence of any ownership of the loan." (Compl., ¶ 104.) Thus, this claim fails.

### 6.    Third Claim for Breach of Contract Fails

In order to succeed on their breach of contract causes of action, Plaintiffs must prove the following: (1) the existence of a contract, (2) plaintiffs' performance or excuse for nonperformance, (3) defendants' breach of the contract, and (4) the resulting damages to plaintiffs. *Reichert v. General Ins. Co. of America*, 68 Cal. 2d 822, 830, 69 Cal. Rptr. 321, 442 P.2d 377 (Cal. 1968). *Gallagher v. Wells*, No. 2:08-cv-03071 JFM (C), 2012 U.S Dist. LEXIS 109155, at *15 (E.D. Cal. Aug. 2, 2012).

In the instant case, Plaintiffs seem to question whether they are in contractual privity with Defendants. (Compl., ¶ 114.) No contract is identified, no contractual provision is specified, and not breach is articulated. And, Plaintiff Avila is not in contractual privity with Defendants. To the extent that the Deed of Trust is the operative contract, the borrower's default thereunder bars this claim. It cannot be disputed that the Loan has been in default as far back as 2017. And, causation and damages are not properly pled. Thus, this claim fails.

### 7.    Fourth and Fifth Claims for Fraud Fails

Under California law, the elements for an action in fraud or deceit are: (1) false representation as to a material fact; (2) intent to defraud; (3) justifiable reliance; and (4) resulting damage. *Roberts v. Ball, Hunt, Hart, Brown & Baeerwitz,* 57 Cal.App.3d 104, 109 (1976). The

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

circumstances constituting alleged fraud shall be stated "with particularity." Fed. R. Civ. P. 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000) (fraud must be pled "with a high degree of meticulousness"). A plaintiff must include the "who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1006 (9th Cir.2003) (citation omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. Glenfed, Inc.,* 42 F.3d 1541, 1548 (9th Cir. 1994). "To comply with Federal Rule of Civil Procedure 9(b), a complaint alleging misrepresentation must state the time, place, and content of misrepresentations, as well as the misrepresenting parties." *Barajas v. Countrywide Home Loans, Inc.* 2012 WL 628007, *2 (C.D. Cal. Feb. 24, 2012) (citing *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010)). When asserting fraud against a corporation, a plaintiff must also specifically allege the names of the persons, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *Wang &Wang LLP v. Banco Do Brasil, S.A.,* 2007 WL 915232 at *2 (E.D. Cal. March 26, 2007). A three-year statute of limitations applies to a fraud cause of action. *Lee v. Escrow Consultants, Inc.,* 210 Cal.App.3d 915, 920 (1989); Cal. Code Civ. Proc. § 338.

Plaintiffs allege that Defendants engaged in fraud by asserting an interest in the Loan, not supplying a "verified claim," and preparing a "void" assignment, and recording a substitution of trustee and notice of default. (Compl., ¶¶ 119-123.) Plaintiffs' "reliance" is that they did not sue the lender immediately. (Compl., ¶ 127.) No false statement is identified, why it is false, who made the statement, when it was made, and authority to bind Defendants. It is also undisputed that the Loan is in default and in foreclosure, and thus it is unclear what damages Plaintiffs claim. Accordingly, this claim fails and should be dismissed.

### 8.     Sixth Claim for Breach of Fiduciary Duty Fails

The elements of a claim of breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) a breach of that duty; (3) damage as the result of the breach. *Rosal v. First Federal Bank of California*, 671 F.Supp.2d 111, 1128 (N.D. Cal. 2009).. Under California law, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Savings Loan Assn.*, 231 Cal. App. 3d 1089, 1093 n. 1, 283 Cal. Rptr. 53

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

1    (Cal. Ct. App. 1991). Similarly, loan servicers, like lenders, generally do not owe borrowers any

2    fiduciary duty. *See, e.g.*, *Abels v. Bank of America*, 2011 WL 1362074, at *1 (N.D. Cal. Apr. 11,

3    2011) (dismissing breach of fiduciary duty claim because "neither a lender nor a loan servicer . . .

4    owe borrowers like plaintiff any fiduciary duty"); *Moreno v. Citibank, N.A.*, 2010 WL 1038222,

5    *3 (N.D. Cal. Mar. 19, 2010) ("Courts have similarly concluded that loan servicers do not owe a

6    fiduciary duty to borrowers."); *Shepherd v. Am. Home Mortg. Servs., Inc.*, 2009 WL 4505925, * 2

7    (E.D. Cal. Nov. 20, 2009) (loan servicer owes no fiduciary duty to borrower).

8        Here, Plaintiffs allege a lender-borrower relationship, and plead no facts to suggest that a

9    fiduciary relationship arose between them and any defendants.  None exists as a matter of law.

10   Nor do Plaintiffs allege that Defendants have taken on that role via their actions, or have exceeded

11   their scope as lender or servicer.  Thus, this claim fails.

### 9.        Seventh Claim for Promissory Estoppel Fails

13       To state a claim for promissory estoppel, Plaintiffs are required to allege facts

14   demonstrating (1) a clear and unambiguous promise by Defendants, (2) Plaintiffs' reasonable and

15   foreseeable reliance, (3) their substantial detriment or injury, caused by their reliance on the

16   promise, and (4) their damages measured by the extent of the obligation assumed and not

17   performed. *US Ecology, Inc. v. State,* 129 Cal.App.4th 887, 901 (2005); *Toscano v. Greene Music,*

18   124 Cal.App.4th 685, 692 (2004). Specific facts demonstrating each of the elements are essential -

19   "[t]he party claiming estoppel must specifically plead all facts relied on to establish its elements."

20   *Smith v. City and County of San Francisco,* 225 Cal.App.3d 38, 48 (1990) (citations omitted).

21   Conclusory allegations are insufficient. *Gressley v. Williams,* 193 Cal.App.2d 636, 640-41 (1961).

22   Promissory estoppel cannot be established absent allegations of a clear, unambiguous, and

23   enforceable promise. *See, Lange v. TIG Ins. Co.* 68 Cal.App.4th 1179, 1185-1186 (1998); *see also,*

24   *National Dollar Stores v. Wagnon,* 97 Cal.App.2d 915, 919 (1950) ("Estoppel cannot be

25   established from...preliminary discussions and negotiations.") The promise must be one which the

26   promisor should reasonably expect to induce reliance by the promisee. *Drennan v. Star Paving*

27   *Co.,* 51 Cal.2d 409 (1958).  Further, a plaintiff must allege facts demonstrating that they

28   "substantial[ly] change[d] [their] position, either by act or forbearance, in reliance on the promise"

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

*(Youngman v. Nev. Irrigation Dist.,* 70 Ca1.2d 240, 249 (1969)) and that their reliance was reasonable. "[T]here must be evident some unusual set of circumstances where no other remedy is available. There must be unconscionable injury and unjust enrichment of the party sought to be estopped." *Jirschik v. Farmers & Merch. Nat'l Bank,* 107 Cal.App.2d 405, 406 (1951).

Here, Plaintiffs merely conclude that "Enforcement of the DEFENDANTS' promise within the agreement is necessary to avoid significant injustice." (Compl., ¶ 141.) Yet Plaintiffs do not identify the promise at issue, what that promised entailed, what actions Defendants have taken in violation of said promise, why said actions are violative, or that Plaintiffs substantially changed their position in reliance upon the promise. No facts are pled whatsoever to support this claim. It therefore fails.

### 10.    Eighth and Ninth Claims for Quiet Title Fails

The elements of an action to quiet title are: (1) "the plaintiff is the owner and in possession of the land," and (2) "the defendant claims an interest therein adverse to [the plaintiff]." *South Shore Land Co. v. Petersen* (1964) 226 Cal. App. 2d 725, 740-741; *see also* Cal. Code Civ. Proc. § 761.020. Generally, a borrower may not quiet title against a secured lender without first paying the outstanding debt on which the deed of trust is based. *Miller v. Provost* (1994) 26 Cal. App. 4th 1703, 1707 ("mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee"); *Aguilar v. Bocci* (1974) 39 Cal. App. 3d 475, 477 (borrower cannot quiet title without discharging the debt.). A cloud on title remains until the debt is paid. *Burns v. Hiatt* (1906) 149 Cal. 617, 620-622. Further, to state a quiet title cause of action, a plaintiff must state facts establishing he or she has superior title to the real property in dispute. *Twain Harte Homeowners Ass'n v. Patterson,* 193 Cal. App. 3d 184, 188 (1987); Cal. Code Civ. Proc. § 761.020(b). To seek quieted title, a plaintiff must allege "[t]he adverse claims to the title of the plaintiff against which a determination is sought." Cal. Code Civ. Proc. § 761.020(c).

Although there is no specific statute of limitations for an action to quiet title, the applicable time period is determined by the legal theory underlying the action. *See Ankoanda v. Walker-Smith*, 44 Cal. App. 4th 610 (1st Dist. 1996); *Muktarian v. Barmby*, 63 Cal. 2d 558 (1965). / / /

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

Here, Plaintiffs claim that the Assignment, Substitution of trustee, and Notice of Default are void.  (Compl., ¶¶ 143, 144, 151.)  Plaintiffs claim that Defendants "have no security interest or other interest in the subject property."  (Compl., ¶ 152.)  Yet Plaintiffs do not deny that John Hayne is the borrower under the Loan, obtained the funds from said Loan, and executed the Note and Deed of Trust.  It also cannot be disputed that the Loan is in default.  Indeed, Plaintiffs have pursued a breach of contract claim based on said Loan.  Plaintiffs have not alleged that they have paid off the Loan, or provided any basis to conclude that the Loan is void or invalid.  Plaintiffs have not alleged superior title, that they have paid all liens, or that they have discharged any cloud against title.  Thus, this claim fails.

### 11.    Tenth Claim for Violation of Business and Professions Code Section 17200 Fails

Plaintiffs cannot state a cause of action for violation of California Business & Professions Code section 17200 ("UCL").  The UCL prohibits unfair competition, which is defined as any unlawful, unfair or fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200. A "reasonable particularity" pleading standard applies to a section 17200 claim.  *Khoury v. Maly's of California* (1993) 14 Cal. App. 4th 612, 619.  A claim may be brought under the UCL by a person who has suffered injury in fact and has lost money or property as a result of unfair competition. Cal. Bus. & Prof. Code § 17204. Thus, to establish standing under the UCL, a plaintiff must (1) establish a loss or deprivation of money sufficient to qualify as injury in fact, *i.e.*, economic injury, and (2) show that the economic injury was the result of (caused by) the unfair business practice that is the gravamen of the claim. *See Kwikset Corp. v. Superior Court* (2011) 51 Cal. 4th 310, 337. Restitution is the only form of damages available under the UCL. *See Korea Supply Co. v. Lockheed Martin Corp.* (2002) 29 Cal. 4th 1134, 1147.  Further, Plaintiff's UCL claim for unlawful conduct is derivative of his fatally defective claims set forth in her Complaint.  *See Krantz v. BT Visual Images* (2001) 89 Cal. App. 4th 164, 178 (§17200 "unlawful" actions are incidental to and dependent on the validity or invalidity of the preceding claims for relief).

First, Plaintiffs lacks standing to bring a UCL claim as Plaintiffs cannot show that they have been deprived of money or property that is subject to restitution.  Indeed, Plaintiffs' own

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

1   default is the cause of any pending foreclosure.  In *Jenkins v. JPMorgan Chase Bank, N.A.* (2013)

2   216 Cal. App. 4th 497, the court upheld a ruling sustaining a demurrer to a UCL claim, finding

3   plaintiff had failed to demonstrate a causal link between the economic injury, an impending

4   foreclosure, and the alleged unlawful conduct. *Jenkins*, 216 Cal. App. 4th at 522-23. Much like in

5   *Jenkins*, any alleged damages caused by any future sale was caused by Plaintiffs' own default

6   under the Loan.

7        Further, Plaintiff's UCL claim fails on the merits.  The UCL establishes three varieties of

8   unfair competition — unlawful, unfair, or fraudulent business practices.  *Cel-Tech Comms., Inc. v.*

9   *Los Angeles Cellular Telephone Co*. (1999) 20 Cal.4th 163, 181. Where a complaint alleges a

10  statutory violation, such as the UCL claim here, the complaint must identify the particular

11  statutory scheme that was violated and describe with reasonable particularity the facts supporting

12  the violation.  *Khoury v. Maly's of California, Inc.*, (1993) 14 Cal.App.4th 612, 619.  Plaintiffs'

13  Complaint lumps all defendants together, without specifying the conduct of each.  This is a failure

14  of the requisite particularity required.

15       To allege a business practice satisfies the **"unfair"** prong, a plaintiff must allege the

16  "conduct threatens an incipient violation of an antitrust law, or violates the policy or spirit of one

17  of those laws because its effects are comparable to or the same as a violation of the law, or

18  otherwise significantly threatens or harms competition.'"  *Byars v. SCME Mortgage Bankers*

19  (2003) 109 Cal.App.4th 1134, 1147.  In the alternative, a practice is unfair if it violates public

20  policy that is tethered to specific Constitutional, statutory or regulatory provisions.  *Scripps Clinic*

21  *v. Sup. Ct.* (2003) 108 Cal.App.4th 917.  Here, Plaintiffs make no effort to plead facts sufficient to

22  support an "unfair" practice, aside from asserting violations of statutory provisions already

23  addressed in their Complaint.

24       Plaintiffs also do not allege facts to satisfy the **"fraudulent"** prong.  The general test for

25  whether an act is considered "fraudulent" under the UCL is whether members of the general

26  public are likely to be deceived.  *Comm. on Children's TV v. Gen. Foods Corp*. (1983) 35 Cal.3d

27  197, 211.  "Because fraud allegations involve a serious attack on the defendant, such allegations

28  must be pled with particularity so that the court can weed out non-meritorious actions before a

1    defendant is required to answer." *Committee On Children's Television, Inc. v General Foods*

2    *Corp.*, (1983) 35 Cal.3d 197, 216.  Every element of a fraud cause of action must be pled in full,

3    factually and specifically.  *Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d

4    1324.  The particularity requirement necessitates pleading facts that "show how, when, where, to

5    whom, and by what means the representations were tendered." *Stansfield v. Starkey* (1990) 220

6    Cal.App.3d 59.  Additionally, a fraud cause of action against a corporation must allege the specific

7    names of the persons who made the misrepresentations or concealed material facts, their authority

8    to speak for the corporation, to whom they spoke, what they said or wrote, and when it was said or

9    written. *Tarmann v. State Farm Mutual Auto. Ins. Co.* (1991) 2 Cal.App.4th 153.  Plaintiffs do not

10   allege anything beyond bald conclusions that would support such an allegation, and certainly not

11   sufficient particularity against corporate defendants such as Shellpoint and Chase.

12     A claim for **"unlawful"** acts pursuant to section 17200 is only as valid as the underlying

13   allegations that relate to the "borrowed" causes of action.  *DiPirro v. American Isuzu Motors, Inc.*

14   (2004) 119 Cal.App.4th 966.  A "defendant cannot be liable under section 17200 for committing

15   'unlawful business practices' without having violated another law." *Ingles v. Westwood One*

16   *Broadcasting Services, Inc.* (2005) 129 Cal.App.4th 1050, 1060.  As fully discussed above,

17   Plaintiffs cannot rely on any of their other causes of action to serve as the basis for an "unlawful"

18   claim under the UCL.

19     Accordingly, Plaintiffs' UCL claim fails under each prong asserted, and thus should be

20   dismissed.

21     **E.**  <u>**Balancing of Harms Tip In Shellpoint's Favor**</u>

22     Without elaboration, Plaintiffs concludes that he stands to lose the Property due to

23   "Defendant's blatant violations of California statutes."  (Motion, 6:1-3.)  First, no such violation has

24   occurred or will occur.  Second, any such harm is of his own making.  Plaintiff has defaulted under

25   the Loan for years and has been provided numerous chances to retain the Property.  Plaintiff has been

26   reviewed and denied numerous times, and has failed to utilize assistance offered to avoid foreclosure.

27     In contrast, Plaintiff alleges that if injunctive relief is issued, Shellpoint's only harm would

28   be "minimal hardship beyond the mere inability to foreclose."  (Motion, 6:3-4.)  Yet Plaintiff ignores

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

24

1   the _years_ of default, the multiple types of loss mitigation relief provided to him, and his multiple

2   bankruptcy filings.  Simply put- Plaintiff has harmed Shellpoint for years knowing full well that his

3   default will lead to foreclosure.  Now, he applies to the Court last-minute for injunctive relief to

4   absolve him of the consequences of his own actions.  According, injunctive relief should not issue.

5          **F.      Injunctive Relief is Not in the Public Interest**

6          Nonsensically, Plaintiff claims that injunctive relief is in the public interest because "it is in

7   the best interest of the public to discourage a second mortgage holder from popping up seemingly out

8   of nowhere to foreclose on a loan that should have been charged off."  (Motion, 5:1-3.)  This

9   "argument" has no relation to this case.  The Loan is a first position lien which has not been charged

10  off and has not "popped up out of nowhere."  The Property is in foreclosure because of Plaintiff's

11  repeated and significant default on the Loan.

12         Indeed, any potential harm is of Plaintiff's own making.  Plaintiff has defaulted on the Loan

13  for years, despite being provided a loan modification and several forbearances.  Plaintiff has also filed

14  bankruptcy cases, but has failed to reorganize.  Further, Plaintiff has repeatedly submitted loan

15  modification applications, which have been denied.  Rather than serve the public interest, "[g]ranting

16  injunctive relief would be a disservice to public interest by allowing [Plaintiff] to preclude

17  foreclosure after his default and without tender of outstanding amounts owed."  _Alvarado v. Bank of_

18  _Am., N.A._, No. CV F 12-2078 LJO GSA, 2013 U.S. Dist. LEXIS 382, at *37 (E.D. Cal. Jan. 2, 2013);

19  _Heflebower v. United States Bank Nat'l Ass'n_, No. CV F 13-1121 LJO MJS, 2013 U.S. Dist. LEXIS

20  103126, at *50 (E.D. Cal. July 23, 2013) (same); _Valenzuela v. Wells Fargo Bank, Nat'l Ass'n_, No.

21  CV F 13-1620 LJO GSA, 2013 U.S. Dist. LEXIS 145675, at *11-12 (E.D. Cal. Oct. 8, 2013)

22  ("Granting injunctive relief would be a disservice to public interest by allowing plaintiff to remain

23  on the property after his default and without his legitimate or credible tender of outstanding amounts

24  owed"); _Garcia v. Seterus, Inc._, No. CV F 12-2049 LJO SAB, 2013 U.S. Dist. LEXIS 38325, at *11

25  (E.D. Cal. Mar. 19, 2013) (same).

26         Finally, the statements that Plaintiff has made under penalty are, at best, suspect.  Plaintiff

27  claims that a litany of information was not provided in the January 27, 2023 denial letter.  (_See_ Sipin

28  Decl., ¶ 7.)  That contention does not hold up when confronted with the letter itself.

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

1      Accordingly, any injunctive relief would not be in the public interest and should be denied.

2 **V.**     **SHOULD AN INJUNCTION ISSUE, PLAINTIFF SHOULD POST BOND**

3      If a temporary injunction is granted by a court, it should only do so "if the movant gives

4 security in an amount that the court considers proper to pay the costs and damages sustained by any

5 party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). This rule vests

6 the district court with discretion as to the nature and amount of security for any bond. *Johnson v.*

7 *Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009). Accordingly, should injunctive relief issue,

8 Shellpoint requests that Plaintiffs be required to post an undertaking of $228,168.22, the total amount

9 owed on the Loan. (Burdette Decl., ¶ 25.)

10      **CONCLUSION**

11      Based on the foregoing, Shellpoint respectfully requests that the Court deny Plaintiff's

12 improper Motion for Temporary Restraining Order.

13

14

15                              KLINEDINST PC

16

17 DATED: October 28, 2024      By:        */s/ Jonathan C. Cahill*

18                              Ian A. Rambarran

19                              Jonathan C Cahill
                             Attorneys for Defendant NewRez LLC dba
                             Shellpoint Mortgage Servicing, LLC

20 25768148.1

21

22

23

24

25

26

27

28

OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814