UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AVILA AND JOHN HAYNE,<br><br>Plaintiffs,<br><br>v.<br><br>NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, JP MORTGAGE ACQUISITION CORPORATION, AND PEAK FORECLOSURE SERVICES INC.,<br><br>Defendants. | Case No. 2:24-cv-2264 TLN-CSK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFFS' SECOND EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 19) |

Plaintiffs David Avila and John Hayne, who are proceeding pro se, have filed their second ex parte Motion for Temporary Restraining Order ("TRO").[1] Pls. TRO No. 2 (ECF No. 19.) Defendants Newrez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and JP Morgan Mortgage Acquisition Corporation ("Chase") have filed an opposition. (ECF No. 23.) Defendant Peak Foreclosure Services Inc. has not appeared in this action, and there is no indication that it has received notice of Plaintiffs' TRO motion. *See* Docket. Pursuant to Local Rules 230(g) and 231(c), the motion was submitted upon the record and the briefs.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

For the reasons that follow, the Court recommends DENYING Plaintiffs' second ex parte TRO motion. The Court also cautions Plaintiffs against filing successive or duplicative motions that have already been denied.[2]

## I. BACKGROUND

Plaintiffs, who are proceeding pro se, initiated this action to challenge a mortgage foreclosure of real property located at 8651 Crane Road, Oakdale, California. Compl. (ECF No. 1). Plaintiffs allege that despite making timely regular mortgage payments and having valid homeowners' insurance, Defendants rejected Plaintiffs' mortgage payment "alluding" he did not have homeowners' insurance. *Id*. at 2. Plaintiffs allege they always had private homeowners' insurance coverage and sent proof and documentation of that coverage to Defendants. *Id*. Plaintiffs further allege Defendants "unlawfully and erroneously insisted Plaintiffs pay a second insurance." *Id*. In addition, Plaintiffs allege "Defendants are not qualified to receive any payments" because "new evidence suggests based on a defective Assignment of Deed of Trust that this assignment failed to include both the note and deed of trust." *Id*. at 2-3. Plaintiffs seek to "void all subsequent documents and actions taken by Defendants, including Substitution of Trustee and foreclosure sale due to the invalid and fatally defective assignment." *Id*. at 3. Plaintiffs also seek "injunctive and declaratory relief to stop the unlawful actions to foreclose." *Id*.

Plaintiffs filed their Complaint on August 21, 2024, alleging the following claims: (1) violation of the Fair Debt Collection Practices Act; (2) trespass; (3) breach of contract; (4) common law fraud; (5) statutory fraud and misrepresentation; (6) breach of fiduciary duty; (7) promissory estoppel; (8) action to quiet title; (9) action to quiet title; and (10) unfair business practices in violation of California Business & Professions Code § 17200. *Id.* at 19–39.

On September 5, 2024, Plaintiffs filed a motion for preliminary injunction. Pls. Mot.

---

[2]  It appears Plaintiffs filed this second TRO motion after their first TRO motion was denied because a new date for the trustee sale was set.

Prelim. Inj. (ECF No. 4). This motion was rejected as procedurally deficient pursuant to Federal Rule of Civil Procedure 11(a) and Local Rules 131(b), 230(b), and 231(d). 9/10/2024 Minute Order (ECF No. 5). The Court provided Plaintiffs with instructions on how to access the district court's Local Rules, and also expressly identified Local Rule 231, which governs requests for TROs and preliminary injunctions. *See id*. The Court further instructed that if Plaintiffs re-filed their preliminary injunction motion, that they must ensure that it was served on all parties. *Id*. The Court also noted that the motion may be potentially moot as the records submitted by Plaintiffs indicated that they sought to enjoin a sale that had been scheduled approximately two weeks earlier, on August 21, 2024. *See id*.

On September 23, 2024, Plaintiffs filed an Amended Motion for Preliminary Injunction, which the district court construed as a TRO. Pls. TRO No. 1 (ECF No. 6). Plaintiffs sought an injunction of the foreclosure sale, which was rescheduled from August 21, 2024, to October 4, 2024. *Id.* On October 3, 2024, the district court denied Plaintiffs' TRO motion based on Plaintiffs' unexplained delay in seeking relief and that this delay contradicted their claims of irreparable injury, a required element to grant a TRO. 10/3/2024 Order at 4-5 (ECF No. 15). Almost three weeks later, on October 23, 2024, Plaintiffs filed a second TRO motion, again seeking to stop the foreclosure sale, which was rescheduled again, this time from October 4, 2024 to November 8, 2024.[3] Pls. TRO No. 2, Memo and Brief at 2 (ECF No. 19-1 at 2) & Exh. A (ECF No. 19-1 at 13).

## II.     LEGAL STANDARDS

Plaintiffs move ex parte for a temporary restraining order and a preliminary injunction pursuant to Federal Rules of Civil Procedure 65 against all Defendants. The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction, which requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

---

[3] Confusingly, Plaintiffs' motion also states that the foreclosure sale was rescheduled from August 21, 2024, to October 4, 2024. Pls. TRO No. 2 at 2.

the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22, 24 (citation omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

**III.     DISCUSSION**

In their second TRO motion, Plaintiffs seek to stop Defendants from foreclosing on properly located at 8651 Crane Road, Oakdale, California. Pls. TRO No. 2 at 1. Plaintiffs' second TRO motion is almost identical to Plaintiffs' first TRO motion. *Compare* Pls. TRO No. 1 at 1-5 (ECF No. 6), *with* Pls. TRO No. 2 at 1-5 (ECF No. 19).

In their opposition, Defendants Shellpoint and Chase argue that Plaintiffs' motion should be denied on the following grounds: (1) as moot because it seeks to stay a October 4, 2024 sale after this date passed; (2) as procedurally defective for failure to provide the required notice to Defendants; (3) based on Plaintiffs' delay in bringing the motion in violation of Local Rule 231(b); and (4) based on Plaintiffs' failure to establish likelihood of success on the merits. Defs. Opp'n at 13-24. Defendants Shellpoint and Chase also note that the subject loan with Plaintiff Hayne has been in default since 2017, with the first Notice of Default recorded in June 2017. Defs. Opp'n at 10-11.

The Court recommends denial of Plaintiffs' second TRO motion as procedurally deficient and because Plaintiffs unduly delayed in seeking relief, contradicting their allegations of irreparable injury.

/ / /

/ / /

### A. Plaintiffs' Motion is Procedurally Deficient

Federal Rule of Civil Procedure 65(b)(1) permits the court to issue a TRO without notice to the adverse party only if (1) specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard; and (2) the movant certifies in writing efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This Court's Local Rules also set forth certain procedural mandates for a temporary restraining order to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not be given; (6) a proposed temporary restraining order and provision for bond; (7) a proposed order with blank for fixing time and date for a hearing; and (8) where a temporary restraining order is requested ex parte, the proposed order should also notify the affected parties of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. E.D. Cal. Local Rule 231(c).

Plaintiffs' motion is procedurally deficient because Plaintiffs do not provide reasons why notice of their motion to Defendant Peak Foreclosure Services Inc. should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B); E.D. Cal. Local Rule 231(c)(5); Pls. TRO No. 2. Plaintiffs did not submit a declaration or other document regarding Plaintiffs' efforts to notify Defendant Peak Foreclosure Services Inc. of their TRO motion or provide any reason why notice should not be required. *See* Pls. TRO No. 2. Though Plaintiffs state that they are giving notice to all Defendants of their TRO motion (Pls. TRO No. 2 at 2), the record does not reflect that Plaintiffs notified any Defendant.[4] *See* Pls. TRO No.

---

[4] Because Defendants Shellpoint and JP Morgan Mortgage Acquisition Corporation have appeared in this action (ECF No. 17), these defendants have received actual notice of Plaintiffs' second TRO motion through the CM/ECF system.

2; Docket. Instead, Plaintiff Avila notified "all defendants" of their errors regarding the mortgage payments. Avila Affidavit ¶ 2 (ECF No. 19-2). Plaintiffs' Certificate of Service also indicates that Plaintiffs did not notify Defendants of their second TRO motion as the certificate indicates that the motion was only sent to the district court. Pls. Cert. Service (ECF No. 19-4) (box indicating Defendants were notified is blank).

There is no reference in Plaintiffs' motion or the docket regarding any such efforts to notify Defendant Peak Foreclosure Services Inc. of Plaintiffs' second TRO motion. *See* Pls. TRO No. 2; Docket. The docket also does not indicate that Defendant Peak Foreclosure Services Inc. has made an appearance in this action.[5] *See* Docket. Therefore, Plaintiffs failed to comply with Rule 65(b)(1)(B) and Local Rule 231(c)(5) because they did not make efforts to provide notice of their motion to Defendant Peak Foreclosure Services Inc., and Plaintiffs did not provide reasons why notice on this defendant should not be required. *See* Pls. TRO No. 2.

Courts regularly deny TROs for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an ex parte TRO"); *Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Seymour v. U.S. Dep't of Def.*, 2010 WL 3385994, at *1 (S.D. Cal. Aug. 26, 2010) (same); *Roman v. Nw. Tr. Servs., Inc.*, 2010 WL 3489962, at *1 (W.D. Wash. Aug. 31, 2010) (same). In addition, Plaintiffs' failure to comply with the Local Rules' requirements for TROs is sufficient justification to deny the motion. *See Nible v. Macomber*, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying TRO sought by pro se plaintiff as procedurally deficient); *see, e.g., Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a

---

[5]  The Court notes that the docket includes a return of service of the Summons and Complaint for each Defendant. (ECF Nos. 7-9.) Service of the Summons and Complaint does not, however, constitute notice of Plaintiffs' second TRO motion to Defendants.

motion as the result of a failure to comply with local rules is well within a district court's discretion.").

The Court will therefore recommend denial of the second TRO motion based on this procedural deficiency. The Court next addresses Plaintiffs' delay and allegations of irreparable harm.

**B.     Delay**

Like Plaintiffs' first TRO motion, Plaintiffs unduly delayed in seeking injunctive relief in their second TRO motion. *See* Local Rule 231(b). The notice rescheduling and postponing the trustee sale is dated October 3, 2024, and Plaintiffs again fail to explain why they waited almost three weeks to file this second TRO motion. Pls. TRO No. 2, Exh. A (ECF No. 19-1 at 13); *see also* 10/3/2024 Order at 4-5. This notice also indicates that Plaintiffs may monitor the schedule for the trustee's sale by calling, and provides instructions on how to do so. Pls. TRO No. 2, Exh. A.

The district court's order denying Plaintiffs' first TRO motion also applies here:

> More importantly, however, it appears Plaintiffs have been aware for months that Defendants considered them to be delinquent on their loan and were moving forward with foreclosure proceedings. In a declaration filed as part of the instant motion, Plaintiff Avila acknowledges he was notified of the foreclosure actions and validated that information with the Stanislaus County Recorder's Office. ([ECF No. 66] at 55.) Plaintiffs also attached various documents to Complaint and the instant motion, including letters Plaintiffs sent to Defendants about this dispute as early as January 2024. (*Id.* at 7.) Based on the foregoing evidence, and absent any explanation as to why Plaintiffs waited until 10 days before the foreclosure sale to file the instant motion, the Court concludes Plaintiffs' delay contradicts their allegations of irreparable injury.

Plaintiffs' delay in bringing their second TRO motion is even more striking given that Plaintiffs' first TRO motion was denied based on Plaintiffs' delay. The Court recommends that Plaintiffs' second TRO motion is similarly denied because Plaintiffs' delay in bringing this motion contradicts their allegations of irreparable injury. *See* E.D. Cal. Local Rule 231(b); *Deck v. Wells Fargo Bank, N.A.*, 2017 WL 499224, at *2 (E.D. Cal. Feb. 6, 2017) (finding plaintiff unduly delayed filing a TRO when a Notice of Default was recorded nine

7

months earlier); *Mammoth Specialty Lodging, LLC v. We-Ka-Jassa Inv. Fund, LLC*, 2010 WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010) (denying TRO based on Local Rule 231(b) because "plaintiff did not file the motion until four business days before the scheduled foreclosure sale"); *Avila v. Citi Mortg. Inc.*, 2017 WL 5871473, at *1 (E.D. Cal. Nov. 29, 2017) (denying plaintiff's TRO under Local Rule 231(b) because plaintiff failed to "explain why he waited until the last possible moment to attempt to block the sale."). Because Plaintiffs failed to show irreparable harm, the Court need not and declines to address the other *Winter* factors. *See Winter*, 555 U.S. at 20; *Baird*, 81 F.4th at 1040.

The Court therefore also recommends denial of Plaintiffs' second TRO motion based on finding Plaintiffs unduly delayed in bringing their motion, which contradicts their allegations of irreparable harm.

**IV.   CONCLUSION**

Based upon the findings above, the Court RECOMMENDS that Plaintiffs' second Motion for Temporary Restraining Order (ECF No. 19) be DENIED. The Court also cautions Plaintiffs against filing successive or duplicative motions that have already been denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 4, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE