Ian A. Rambarran, Bar No. 227366
irambarran@klinedinstlaw.com
Jonathan C. Cahill, Bar No. 287260
jcahill@klinedinstlaw.com
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 282-0100/FAX (916) 444-7544

Attorneys for Defendants
NEWREZ, LLC D/B/A SHELLPOINT
MORTGAGE SERVICING AND JP MORGAN
MORTGAGE ACQUISITION CORPORATION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| DAVID AVILA and JOHN HAYNE,<br><br>    Plaintiff,<br><br>    v.<br><br>NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, JP MORGAN MORTGAGE ACQUISITION CORPORATION, PEAK FORECLOSURE SERVICES, INC., and DOES 1-10,<br><br>    Defendants. | Case No. 2:24-cv-02264-TLN-CSK<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:     November 19, 2025<br>Time:     10:00 a.m.<br>Location: Courtroom 25<br>          501 I Street, 8th Floor<br>          Sacramento, CA 95814<br>Judge:    Hon. Chi Soo Kim |

Defendants NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING ("Shellpoint") and JP MORGAN MORTGAGE ACQUISITION CORPORATION ("Chase") (collectively, "Defendants") submit the following Reply in support of their Motion to Dismiss the Verified Claim for Damages ("Complaint") filed by Plaintiffs DAVID AVILA AND JOHN HAYNE ("Plaintiffs").

## I.     INTRODUCTION

Plaintiffs' Opposition does nothing to save their Complaint. It is clear that Plaintiffs (only one of whom is the borrower) seek to cancel or void the Loan and obtain a free property. And, Plaintiffs fail to rebut the legal arguments raised in the Motion to Dismiss. Plaintiffs do not

explain how their unspecified "offer of performance" extinguished the Loan or how Defendants lack standing. Simply put, none of the claims asserted have merit. Accordingly, the Motion to Dismiss should be granted in full.

## II. LEGAL ARGUMENT

### A. Plaintiffs' Complaint Fails to Satisfy the Pleading Requirements of Rule 8

Plaintiffs fail to satisfy even the minimal pleading requirements of Rule 8 as to Defendants.

First, Plaintiff fail to provide any statement of a claim or even a rote recitation of elements thereof.

Second, Plaintiffs appear to allege that "Defendants" (without specifying which) engaged in some sort of fraud, do not have standing because they have not filed a "verified claim" and that the Loan was somehow extinguished.

Third, the Complaint provides no factual allegations or averments to support such bold claims. Moreover, Plaintiffs' factual allegations are conclusory, which, as further discussed below, are not entitled to a presumption of validity.

Finally, Plaintiffs do not even list a rote recitation of the required elements of their claims. As a result, the Complaint falls well short of the pleading requirements of Fed. R. Civ. P. 8. Consequently, without more specificity, Plaintiffs' claims are deficient as pled and, therefore, the Complaint should be dismissed.

### B. Plaintiff Avila Lacks Standing

Plaintiff Avila is admittedly not a borrower under the Note and not a signatory to the Deed of Trust. (RJN, Exhibit 1.) Thus, all claims asserted by Plaintiff Avila fail.

### C. First Claim for Violation of Fair Debt Collection Practices Act Should be Dismissed

Plaintiffs' first claim in their Complaint is for Violation of the FDCPA. Plaintiffs allege that "Defendants" (without specifying which) have started foreclosure proceedings relation to the Property and demanding that insurance be placed to protect the Property. (Compl., ¶ 88.) Plaintiffs then state that the Loan was "extinguished" because there was some sort of offer of performance. (Compl., ¶¶ 94, 95.)

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

First, it cannot be disputed that a servicer such as Shellpoint is not a 'debt collector' as defined by the FDCPA. *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *Long v. Bank of Am. Home Loans Servicing, LP*, 2010 U.S. Dist. Lexis 81183, *2-3 (Nev. Aug. 6, 2010); *Caballero v. Ocwen Loan Serv.*, 2009 WL 1528128, *1 (N.D. Cal. 2009).

Second, Plaintiffs bring this claim because Shellpoint is pursuing a nonjudicial foreclosure and recorded a Notice of Default. Yet engaging in a nonjudicial foreclosure does not fall within the purview of the FDCPA. *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019).

Third, Plaintiffs admit that the Property is an "investment" in which the Plaintiffs are "partners" and thus the FDCPA does not apply. *See* 15 U.S.C. § 1692(a)(5); *Kitamura v. AOAO of Lihue Townhouse*, No. 12-00353 LEK-BMK, 2013 U.S. Dist. LEXIS 45535, at 13 (D. Haw. Mar. 29, 2013) (FDCPA claim improper for loan secured by rental property); *Johnson v. Wells Fargo Home Mortg., Inc.*, No. 3:05-CV-0321-RAM, 2007 U.S. Dist. LEXIS 79989, 2007 WL 3226153, at 9 (D. Nev. Oct. 29, 2007) (mortgage loans used to acquire two residential investment properties not subject to FDCPA).

Finally, Plaintiffs' FDCPA claim rests upon their claim that the Loan was somehow extinguished. Yet Plaintiffs do not allege that they paid the Loan in full or otherwise complied with all contractual obligations. Thus, this claim fails.

### D. Second Claim for "Trespass, Trespass Quare Clausum Fregit" Should be Dismissed

To maintain an action of trespass, Plaintiffs must show that they had a possessory interest in the Property at the time that Defendants took possession. *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1041 (2009). Here, Plaintiffs' Complaint makes clear that they are still in possession of the Property and that a foreclosure has not occurred. There are no allegations that Defendants have taken possession, or entered upon, the Property. Instead, Plaintiffs claim that Defendants have trespassed because they "do not have evidence of any ownership of the loan." (Compl., ¶ 104.) The Opposition does nothing to change that fact. Thus, this claim fails.

### E. Third Claim for Breach of Contract Should be Dismissed

In order to succeed on their breach of contract causes of action, Plaintiffs must prove the following: (1) the existence of a contract, (2) plaintiffs' performance or excuse for nonperformance, (3) defendants' breach of the contract, and (4) the resulting damages to plaintiffs. *Reichert v. General Ins. Co. of America*, 68 Cal. 2d 822, 830, 69 Cal. Rptr. 321, 442 P.2d 377 (Cal. 1968). *Gallagher v. Wells*, No. 2:08-cv-03071 JFM (C), 2012 U.S Dist. LEXIS 109155, at *15 (E.D. Cal. Aug. 2, 2012).

In the instant case, Plaintiffs seem to question whether they are in contractual privity with Defendants. (Compl., ¶ 114.) No contract is identified, no contractual provision is specified, and not breach is articulated. The Opposition does not address these fatal flaws. And, Plaintiff Avila is not in contractual privity with Defendants. To the extent that the Deed of Trust is the operative contract, the borrower's default thereunder bars this claim. And, causation and damages are not properly pled. Thus, this claim fails.

### F. Fourth and Fifth Claims for Fraud Should be Dismissed

Plaintiff's Complaint does not plead fraud with the requisite particularity and does not provide the "who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1006 (9th Cir.2003) (citation omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. Glenfed, Inc.,* 42 F.3d 1541, 1548 (9th Cir. 1994). "To comply with Federal Rule of Civil Procedure 9(b), a complaint alleging misrepresentation must state the time, place, and content of misrepresentations, as well as the misrepresenting parties." *Barajas v. Countrywide Home Loans, Inc.* 2012 WL 628007, *2 (C.D. Cal. Feb. 24, 2012) (citing *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010)). When asserting fraud against a corporation, a plaintiff must also specifically allege the names of the persons, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *Wang &Wang LLP v. Banco Do Brasil, S.A.,* 2007 WL 915232 at *2 (E.D. Cal. March 26, 2007). A three-year statute of limitations applies to a fraud cause of action. *Lee v. Escrow Consultants, Inc.,* 210 Cal.App.3d 915, 920 (1989); Cal. Code Civ. Proc. § 338.

///

Plaintiffs allege that "Defendants" engaged in fraud by asserting an interest in the Loan, not supplying a "verified claim," and preparing a "void" assignment, and recording a substitution of trustee and notice of default. (Compl., ¶¶ 119-123.) Plaintiffs' "reliance" is that they did not sue the lender immediately. (Compl., ¶ 127.) No false statement is identified, why it is false, who made the statement, when it was made, and authority to bind Defendants. It is also undisputed that the Loan is in default and in foreclosure, and thus it is unclear what damages Plaintiffs claim. Accordingly, this claim fails and should be dismissed.

### G. Sixth Claim for Breach of Fiduciary Duty Should be Dismissed

As discussed in the Motion to Dismiss, loan servicers, like lenders, generally do not owe borrowers any fiduciary duty. *See, e.g., Abels v. Bank of America*, 2011 WL 1362074, at *1 (N.D. Cal. Apr. 11, 2011) (dismissing breach of fiduciary duty claim because "neither a lender nor a loan servicer . . . owe borrowers like plaintiff any fiduciary duty"); *Moreno v. Citibank, N.A.*, 2010 WL 1038222, *3 (N.D. Cal. Mar. 19, 2010) ("Courts have similarly concluded that loan servicers do not owe a fiduciary duty to borrowers."); *Shepherd v. Am. Home Mortg. Servs., Inc.*, 2009 WL 4505925, * 2 (E.D. Cal. Nov. 20, 2009) (loan servicer owes no fiduciary duty to borrower).

In the Complaint and Opposition, Plaintiffs provide no facts to suggest that a fiduciary relationship arose between them and any defendants. None exists as a matter of law. Thus, this claim fails.

### H. Seventh Claim for Promissory Estoppel Should be Dismissed

Plaintiffs' claim fails on numerous grounds. First, the Complaint lacks allegations of a clear, unambiguous, and enforceable promise. *See, Lange v. TIG Ins. Co.* 68 Cal.App.4th 1179, 1185-1186 (1998). Second, the Complaint fails to identify a promise which Defendants should reasonably expect to induce reliance by the Plaintiffs. *Drennan v. Star Paving Co.,* 51 Ca1.2d 409 (1958). Third, Plaintiffs do not allege that they "substantial[ly] change[d] [their] position" in reasonable reliance on the promise. *Youngman v. Nev. Irrigation Dist.,* 70 Ca1.2d 240, 249 (1969)) and that their reliance was reasonable. Finally, Plaintiffs do not identify any unusual set of circumstances where no other remedy is available." *Jirschik v. Farmers & Merch. Nat'l Bank,* 107 Cal.App.2d 405, 406 (1951).

1 Thus, this claim fails on numerous grounds and should be dismissed.

### I. <u>Eighth and Ninth Claims for Quiet Title Should be Dismissed</u>

Plaintiffs do not allege that they paid the Loan in full, and thus cannot quiet title. *Aguilar v. Bocci* (1974) 39 Cal. App. 3d 475, 477 (borrower cannot quiet title without discharging the debt.). Nor do Plaintiffs have superior title. *Twain Harte Homeowners Ass'n v. Patterson,* 193 Cal. App. 3d 184, 188 (1987); Cal. Code Civ. Proc. § 761.020(b).

Instead, Plaintiffs claim that the Assignment, Substitution of trustee, and Notice of Default are void. (Compl., ¶¶ 143, 144, 151.) However, Plaintiffs do not identify any theory that, if proven, would render these documents void. Instead, Plaintiffs claim that Defendants "have no security interest or other interest in the subject property." (Compl., ¶ 152.) Yet Plaintiffs do not deny that John Hayne is the borrower under the Loan, obtained the funds from said Loan, and executed the Note and Deed of Trust. It also cannot be disputed that the Loan is in default. Indeed, Plaintiffs have pursued a breach of contract claim based on said Loan. Thus, this claim fails.

### J. <u>Tenth Claim for Violation of Business and Professions Code Section 17200 Should be Dismissed</u>

As set forth in Defendants' Motion, this claim fails on numerous grounds. First, Plaintiffs lacks standing to bring a UCL claim as Plaintiffs cannot show that they have been deprived of money or property that is subject to restitution. Second, Plaintiff's UCL claim fails on the merits. As set forth in the Complaint, the UCL claim fails under each available prong. And, as discussed above, Plaintiffs cannot rely on any of their other causes of action to serve as the basis for an "unlawful" claim under the UCL. Thus, Plaintiffs' UCL claim fails and should be dismissed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**III.     CONCLUSION**

Based on the foregoing reasons, Plaintiffs' Complaint should be dismissed, with prejudice.

KLINEDINST PC

DATED:  Novemebr 5, 2024          By:     */s/ Jonathan C. Cahill*
                                          Ian A. Rambarran
                                          Jonathan C. Cahill
                                          Attorneys for Defendants
                                          NEWREZ, LLC D/B/A SHELLPOINT
                                          MORTGAGE SERVICING AND JP MORGAN
                                          MORTGAGE ACQUISITION CORPORATION

25830223.1

# CERTIFICATE OF SERVICE

**Avila v. Newrez LLC dba Shellpoint Mortgage Servicing, et al.**
**Case No. 2:24-cv-2264-TLN-CSK**

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 801 K Street, Suite 2100, Sacramento, California 95814.

On November 5, 2024, I served true copies of the following document(s) described as  on the interested parties in this action as follows:

| | |
|---|---|
| David Avila<br>8651 Crane Road<br>Oakdale, CA  95361 | Telephone: (209) 595-5597<br>Email:<br>davidavilla@dairydesigners.com |
| | In Pro Per Plaintiff |
| John Hayne<br>8651 Crane Road<br>Oakdale, CA  95361 | In Pro Per Plaintiff |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Klinedinst PC for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Sacramento, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jchalmers@klinedinstlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 5, 2024, at Sacramento, California.

_____
Jodie Chalmers