**FILED**

NOV 1 2 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

David Avila
8651 Crane Road
Oakdale, Calif. [95361]
(209) 595-5597
davidavilla@dairydesigners.com
Sui juris

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Avila, | Case No.: 2:24-cv-2264-TLN-CSK |
| John Hayne, | |
| PLAINTIFFS, | SUR-REPLY TO DEFENDANTS REPLY |
| vs. | |
| NEWREZ LLC, d/b/a SHELLPOINT MORTGAGE SERVICING, et al, | (ECF 27) |
| DEFENDANTS, | |

## INTRODUCTION/BACKGROUND

PLAINTIFFS, David-Anthony:Avila and John Hayne jointly submit an action against an unlawful foreclosure because of the actions of the DEFENDANTS. The PLAINTIFFS have shown evidence that hazard insurance was obtained by the PLAINTIFFS since the inception of the loan. DEFENDANTS failed miserably by either ignoring or responding insufficiently to the myriad of notifications, and other correspondence to correct their error on the record. The defense submitted on document 23-2 page 83 of 160 that the customer initiated cancellation.

1

1 | This was true because the plaintiffs'S switched insurance carriers to where the property was

2 | covered twice by both private insurances obtained by the plaintiffs. This can be verified and

3 |
4 | validated by the testimony of plaintiff's wittiness and insurance carrier David Giddings.The

5 | Defense attempts to dismiss the case before DEFENDANTS' fatal errors are proven in a hearing

6 | That adjudicates the matter.

7 | The DEFENDANTS have been cashing checks sent by Mr. AVILA from The inception of the

8 | loan and magically makes claims that AVILA has no secured and vested interest In the property.

9 |
10 | This is speculation on behalf of the defense.

11 | ARGUMENT

12 |

13 | PLAINTIFFS respectfully submit this Surreply in opposition to Defendants' Motion to Dismiss,

14 | addressing several mischaracterizations and unfounded assertions in DEFENDANTS' Reply

15 |
16 | Including the over 500 Pages of documents introduced on the record.

17 |

18 | **I. Plaintiffs' Complaint Satisfies Rule 8 Pleading Requirements**

19 |

20 | DEFENDANTS' argument that PLAINTIFFS' Complaint fails to meet Rule 8's requirements

21 |
22 | overlooks the specificity provided within the Complaint. PLAINTIFFS have adequately

23 | articulated the nature of the alleged unlawful conduct by DEFENDANTS, including the lack of

24 | standing due to void assignments and unauthorized attempts to enforce the loan through

25 | foreclosure. Contrary to DEFENDANTS' claims, PLAINTIFFS are not seeking a "free property"

26 |
27 | but are contesting DEFENDANTS' standing as a holder in due course challenging the right to

28 | 2

enforce a loan that has, as alleged, been extinguished or otherwise rendered unenforceable by DEFENDANTS' actions omissions, and concealment

## II. Avila's Standing as a Plaintiff

While DEFENDANTS argue that PLAINTIFF AVILA lacks standing due to non-signatory status, California courts have recognized standing in similar cases where a party holds an interest in the property. Given the partnership interest and investment interest in the property, PLAINTIFF AVILA has a valid and protectable interest in opposing wrongful foreclosure actions. After the property had a devastating fire annihilating the majority of the house, PLAINTIFF AVILA added money to the insurance claim by privately securing owner/contractor services and materials to significantly increase the standing value of the main house on the property. This also fortified the ongoing private contractual agreement between JOHN HAYNE and DAVID AVILA concerning the property making AVILA a secured partner in which a lien has been filed on the property securing AVILA'S interest

## III. FDCPA Claim is Properly Asserted

DEFENDANTS mistakenly assert that Shellpoint, as a servicer, does not qualify a a debt collector under the FDCPA, yet numerous courts have held that debt servicers acting post-default can indeed fall within FDCPA's scope. Moreover, PLAINTIFFS have detailed the specific debt collection activities by Defendants that constitute violations, particularly those related to force-

3

placed insurance and improper foreclosure practices. Obduskey v. McCarthy, cited by

DEFENDANTS, is inapplicable here, as PLAINTIFFS allege debt collection practices that go

beyond mere nonjudicial foreclosure. Moreover, numerous shell point documents state "NEW

REZ LLC doing business as SHELLPOINT MORTGAGE SERVING is a collector."

**IV. Trespass Claim is Adequately Pleaded**

DEFENDANTS mischaracterize PLAINTIFFS' trespass claim. PLAINTIFFS allege that

DEFENDANTS' recording of documents—without valid authority—amounts to an unlawful

claim of ownership interest, creating a cloud on title and constituting a trespass under California

law.

**V. Breach of Contract**

PLAINTIFFS' breach of contract claim is based on DEFENDANTS' failure to honor obligations

under the mortgage and related agreements, including the extinguishment of the loan obligation

through PLAINTIFFS' performance offer. DEFENDANTS' failure to address these allegations

reflects an attempt to obfuscate the central contractual breaches at issue.

**VI. Fraud Claims are Pleaded with Particularity**

4

Contrary to DEFENDANTS' assertions, PLAINTIFFS have pleaded fraud with the required particularity by specifying that DEFENDANTS falsely represented their authority to enforce the loan. PLAINTIFFS detail the nature of DEFENDANTS' misrepresentations, which were material and relied upon to PLAINTIFFS' detriment. These include the specific documents DEFENDANTS recorded without authority, resulting in the wrongful initiation of foreclosure.

**VII. Promissory Estoppel**

PLAINTIFFS' promissory estoppel claim is based on DEFENDANTS' promises and representations regarding loan modifications and debt relief options, upon which PLAINTIFFS reasonably relied. DEFENDANTS' failure to honor these representations, as pleaded, has resulted in damages to PLAINTIFFS, establishing a clear basis for relief.

**VIII. Quiet Title and Section 17200 Claims**

PLAINTIFFS' quiet title claim addresses DEFENDANTS' lack of a legally enforceable interest in the property, especially following PLAINTIFFS' alleged extinguishment of the loan. Regarding the Section 17200 claim, PLAINTIFFS allege specific acts of unfair and unlawful business practices that impact both PLAINTIFFS and the public at large, thereby satisfying standing and substantive elements under California's UCL.

5

1   In conclusion, PLAINTIFFS respectfully request the Court deny DEFENDANTS' Motion to

2   Dismiss. The Operative Complaint contains well-pleaded claims with specific factual and legal

3   support that warrant this case proceeding to discovery and further adjudication.

4

5   The complaint is also the result of all the PLAINTIFFS' notices with adequate proof by

6   presenting copies of the in force insurance policies covering the dates of the imposed forced

7   placed insurance being totally disregarded by DEFENDANTS. Further, the use of threat of

8   foreclosure and their actual recording at the county recorders office which calendars dates for

9   public Trustee sale which plaintiff considers this extortion, to force payment of their fraudulent

10

11  charges.

12

13

14  Respectfully

15                              David- Anthony; Avila

16

17                              Sui juris

18

19                              John Hayne

20                              Sui juris

21

22

23

24

25

26

27

28                              6

                              SUR REPLY