UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AVILA, et al., | Case No. 2:24-cv-02264-TLN-CSK |
| Plaintiffs, | ORDER DENYING REQUEST FOR E-FILING ACCESS, AND FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, et al., | |
| Defendants. | (ECF Nos. 17, 21) |

Plaintiffs David Avila and John Hayne are proceeding in this action pro se. (ECF No. 1.)[1] Pending before the Court is Defendants Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and JP Morgan Mortgage Acquisition Corporation's ("Chase") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which is fully briefed. (ECF Nos. 17, 22, 27.) For the reasons stated below, the Court recommends GRANTING Defendants' motion to dismiss and recommends sua sponte dismissal of the action for lack of federal jurisdiction. Plaintiff Avila's motion for e-filing access (ECF No. 21) is DENIED.

///

---

[1] This matter was referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

## I. BACKGROUND

### A. Factual Background[2]

Plaintiffs initiated this action to challenge a mortgage foreclosure of real property located at 8651 Crane Road, Oakdale, California ("Subject Property"). Compl. (ECF No. 1). Plaintiffs allege diversity and federal question as basis for federal court jurisdiction. *Id*. at 3-4. Plaintiffs allege that despite making timely regular mortgage payments and having valid homeowners' insurance, Defendants rejected Plaintiffs' mortgage payment "alluding" the Subject Property did not have homeowners' insurance. *Id*. at 2. Plaintiffs allege they always had private homeowners' insurance coverage and sent proof and documentation of that coverage to Defendants. *Id*. Plaintiffs further allege Defendants "unlawfully and erroneously insisted Plaintiffs pay a second insurance." *Id*. In addition, Plaintiffs allege "Defendants are not qualified to receive any payments" because "new evidence suggests based on a defective Assignment of Deed of Trust that this assignment failed to include both the note and deed of trust." *Id*. at 2-3. Plaintiffs seek to "void all subsequent documents and actions taken by Defendants, including Substitution of Trustee and foreclosure sale due to the invalid and fatally defective assignment." *Id*. at 3. Plaintiffs also seek "injunctive and declaratory relief to stop the unlawful actions to foreclose." *Id*.

### B. Procedural Background

On August 21, 2024, Plaintiffs filed their Complaint alleging the following ten claims: (1) violation of the Fair Debt Collection Practices Act; (2) trespass; (3) breach of contract; (4) common law fraud; (5) statutory fraud and misrepresentation; (6) breach of fiduciary duty; (7) promissory estoppel; (8) action to quiet title; (9) action to quiet title;[3] and (10) unfair business practices in violation of California Business & Professions Code

---

[2] These facts derive from the Complaint (ECF No. 1), which are construed in the light most favorable to Plaintiffs as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3] The Complaint alleges two quiet title claims. Compl. at 34-38.

§ 17200. *Id*. at 19-39.

On September 5, 2024, Plaintiffs filed a motion for preliminary injunction seeking to enjoin a foreclosure sale of the Subject Property, which was rejected by the Court on September 10, 2024 as procedurally deficient. (ECF Nos. 4, 5.) On September 23, 2024, Plaintiffs filed an Amended Motion for Preliminary Injunction, which was construed as an Amended Motion for Temporary Restraining Order seeking to enjoin the foreclosure sale of the Subject Property. (ECF No. 6.) The district court denied Plaintiffs' TRO on October 3, 2024 for failing to establish irreparable injury. (ECF No. 15.) On October 23, 2024, Plaintiffs filed their second TRO motion seeking to again enjoin the foreclosure sale of the Subject Property. (ECF No. 19.) On November 4, 2024, this Court issued Findings and Recommendations recommending Plaintiffs' second TRO be denied due to procedural deficiencies and failure to establish irreparable injury. (ECF No. 26.) The November 4, 2024 Findings and Recommendations were adopted on December 5, 2024. (ECF No. 35.)

On October 9, 2024, Defendants Shellpoint and Chase filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). Defs. Mot. (ECF No. 17-1). Defendants Shellpoint and Chase move to dismiss all claims asserted in Plaintiffs' Complaint for failure to state a claim. *Id*. Defendants also argue Plaintiff Avila lacks standing to bring any claim asserted in the Complaint because he is not a borrower under the Note and not a signatory to the Deed of Trust from which all claims arise. *Id*. at 10. In support of their motion to dismiss, Defendants request that the Court take judicial notice of various documents. Defs. Req. for Judicial Notice ("RJN") (ECF No. 17-2). Plaintiffs filed an opposition (Pls. Opp'n (ECF No. 22)), and Defendants filed a reply (Def. Reply (ECF No. 27)). After briefing on the motion to dismiss was fully complete, on November 12, 2024, Plaintiffs filed a sur-reply and request for judicial notice. (ECF Nos. 28, 29.)

A hearing was held on November 19, 2024. Plaintiff Avila appeared pro se and attorney Jonathan Cahill appeared on behalf of Defendants Shellpoint and Chase. (ECF

3

No. 31.) Plaintiff Hayne was not present at the hearing. Plaintiff Hayne's absence was improper as he did not request leave to excuse his appearance or to appear remotely.

To date, Defendant Peak Foreclosure Services Inc. has not appeared in this action.

## II.    LEGAL STANDARDS

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider sua sponte" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id*. Further, pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court is not required to accept as true conclusory factual allegations

contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen,* 559 F.3d at 1071.

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *King v. California Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial notice of administrative agency records, including decisional documents).

Upon dismissal of any claims, the court must tell a pro se plaintiff of the complaint's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023). To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### III. DISCUSSION

Prior to addressing Defendants' motion to dismiss, the Court will first address Plaintiffs' sur-reply and the parties' requests for judicial notice.

#### A. Plaintiffs' Sur-Reply

On November 12, 2024, Plaintiffs filed a sur-reply without seeking or receiving leave of court to do so. (ECF No. 28.) Plaintiffs do not have a right to file a sur-reply under the Local Rules or the Federal Rules of Civil Procedure. *See* E.D. Cal. Local Rule 230(m). In addition, Defendants' reply did not raise any new arguments or evidence that would justify granting a request to file a sur-reply. The Court therefore declines to

consider Plaintiffs' sur-reply.

B.   Requests for Judicial Notice

Defendants request the Court take judicial notice of five exhibits. (ECF No. 17-2.) Plaintiffs do not oppose the request. *See* Docket. Defendants' request consists of recorded notices related to the loan, deed of trust, and foreclosure proceedings. The request is granted in its entirety. "The court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(c). In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201 of the Federal Rules of Evidence. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Gamboa v. Tr. Corps*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

After briefing deadlines for the motion to dismiss, Plaintiffs filed a request that the Court take judicial notice of two exhibits. (ECF No. 29.) Defendants did not file an opposition to the request. *See* Docket. Plaintiffs' request consists of a letter from Plaintiff Avila sent to Defendant Shellpoint regarding insurance coverage on the Subject Property (Exhibit A) and two signature pages of Plaintiff Hayne's signatures (Exhibit B). Pls. RJN at 5-10. The Court declines to take judicial notice of Plaintiffs' exhibits because they are not proper subjects of judicial notice. *See* Fed. R. Evid. 201(b)(2). Exhibit B is an incomplete document with missing pages. Exhibit A is a document that is attached to the Complaint. *See* Compl. at 54-55. Although the Court declines to take judicial notice of this document, the Court may consider this document in its determination of the pending motion to dismiss because a district court may still "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a

motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### C. Motion to Dismiss

Defendants seek dismissal of the Complaint for failure to state a claim as to all claims pursuant to Rule 12(b)(6). Defs. Mot. Because the Court finds Plaintiffs' singular federal claim for violation of the Fair Debt Collection Practices Act ("FDCPA") should be dismissed, the Court will not address Defendants' alternative grounds for dismissal.[4] However, the Court will first address whether Plaintiff Avila has standing to bring a claim under the FDCPA before addressing whether a valid claim under the FDCPA exists.

#### 1. Plaintiff Avila Lacks Standing

Defendants assert that Plaintiff Avila lacks standing to bring any claims related to the Subject Property because Plaintiff Avila is not a "borrower" on the Subject Property's Grant Deed and Deed of Trust. Defs. Mot. at 10-11. To have Article III standing, a party must show (1) it has suffered an "injury in fact," (2) its injury is "fairly traceable" to the defendant's actions, and (3) its injury will likely be "redressed" by the action. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

It is evident from the Subject Property's documents that Plaintiff Avila does not have a personal interest in the Subject Property. *See* RJN at Exhs. 1, 2; *see also Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 554 (2003) (citing *Lujan,* 504 U.S. at 560-61)). Because Plaintiff Avila is not a signatory to the Grant Deed and Deed of Trust and because Plaintiff Avila has not been able to establish he has suffered a legal "injury in fact," Plaintiff Avila does not have standing to bring the claims asserted in the Complaint. Plaintiff Avila's additional standing arguments made at the hearing also lack merit. The Court therefore recommends Plaintiff Avila be dismissed with prejudice.

///

---

[4] At the hearing, Plaintiff Avila raised new arguments not made in Plaintiffs' opposition, and that go beyond Defendants' motion to dismiss and the claims raised in the Complaint. Plaintiff Avila's new arguments will therefore not be considered.

2. <u>Failure to State a Claim under FDCPA</u>

Defendants also assert Defendant Shellpoint is not a "debt collector" as defined by the FDCPA and therefore this claim necessarily fails. Defs. Mot. at 11. Plaintiffs argue Defendant Shellpoint is a debt collector as defined by the FDCPA because it is servicing a loan in default and enforcing an "invalid debt" through foreclosure proceedings and its demand of insurance payments all qualify as debt collection activity under the FDCPA. Pls. Opp'n at 4. The Court finds neither of the Defendants are "debt collectors" as required to bring a claim under the FDCPA.

Under the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *McNair v. Maxwell & Morgan PC*, 893 F.3d 680, 682 (9th Cir. 2018) (citing 15 U.S.C. § 1692a(5)). A "debt collector' is anyone who "regularly collects or attempts to collect ... debts owed or due ... another." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 79 (2017) (citing 15 U.S.C. § 1692a(6)). "[T]hose who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act." *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 477 (2019) (holding a business engaged in nonjudicial foreclosure proceedings simply engaged in enforcing a security interest was not a "debt collector" within the meaning of the FDCPA). Here, Plaintiffs' Complaint fails to establish Defendants' principal purpose is debt collection. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204 (9th Cir. 2013) (home mortgagors failed to sufficiently allege in their Complaint that mortgagee's principal purpose of business is debt collection and therefore a debt collector, as would be required to state a claim under FDCPA). On the contrary, the Subject Property's documents related to the Deed of Trust and foreclosure documents clearly establish that all Defendants are engaged in nonjudicial foreclosure proceedings on the Subject Property under a Deed of Trust. *See* RJN at Exhs. 4; 5; *see also Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568,

574 (9th Cir. 2017) (notices of default and of trustee sale in order to facilitate nonjudicial foreclosure are not attempts to collect "debt" by a "debt collector" under the FDCPA); *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1074 (9th Cir. 2011) ("the person who originated the debt, such as a creditor to whom the debt was originally owed, is not considered a debt collector" under the FDCPA). Because Defendants are not "debt collectors" within the meaning of the FDCPA, the Court recommends that this claim be dismissed without leave to amend.

### D. Lack of Federal Jurisdiction

Federal courts are courts of limited jurisdiction. The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (internal quotation marks and citation omitted). Federal courts are under a continuing obligation to confirm their jurisdictional power and must "inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

Plaintiffs' Complaint alleges diversity and federal question as bases for federal court jurisdiction. *See* Compl. 3-4. As to diversity jurisdiction, the Complaint alleges that all parties are diverse (*id*. at 3) and the amount in controversy exceeds $75,000 (ECF No. 1-1). However, Defendant Peak Foreclosure Services, Inc. and Plaintiffs are all citizens of California. On its own motion, the Court takes judicial notice of Defendant Peak Foreclosure Services's Statement of Information filed with the California Secretary of State on March 18, 2024. *See Eden Env't Citizen's Grp. LLC v. Laptalo Enters., Inc.*, 2019 WL 2423417, at *1 n.3 (N.D. Cal. June 10, 2019) (taking judicial notice of several public records, including statements of information filed with the Secretary of State). Defendant Peak Foreclosure Services's Statement of Information filed with the California

Secretary of State on March 18, 2024, which can be found on the Secretary of State's website, identifies Defendant Peak Foreclosure Services was formed in and has its principal office in California. Because Plaintiffs and Defendant Peak Foreclosure Services are not diverse citizens, diversity jurisdiction is destroyed. Section "1332(a) requires complete diversity, whereby '[i]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.'" A*brego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546 (2005)).

Finally, in light of the recommendation to dismiss the sole federal claim, the remaining nine claims are all state law claims and this Court recommends declining to exercise supplemental jurisdiction over these state law claims.[5] A court may decline to exercise supplemental jurisdiction over state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In addition, the Supreme Court has stated that if "the federal claims are dismissed before trial...the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

### E.   Motion for E-Filing Access

Plaintiff Avila requests access to the Court's electronic case filing system. (ECF No. 21.) The Local Rules are clear that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." *See* Local Rule 133(b)(2). Plaintiff Avila's motion for e-filing access does not provide good cause to deviate from this Local Rule. Thus, Plaintiff Avila's motion is denied. In addition, in light of the recommendation that this action be dismissed, Plaintiff Avila's motion for e-filing access is also moot.

/ / /

---

[5] The remaining nine state law claims are for trespass, breach of contract, common law fraud, statutory fraud and misrepresentation, breach of fiduciary duty, promissory estoppel, action to quiet title, action to quiet title; and unfair business practices in violation of California Business & Professions Code § 17200. *See* Compl. at 19-39.

**IV.    CONCLUSION**

It is HEREBY ORDERED that Plaintiff Avila's Motion for E-Filing Access (ECF No. 21) is DENIED.

It is FURTHER HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 17) be GRANTED;
2. Plaintiffs' Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 9, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, avil2264.24