David–Anthony; Avila
8651 Crane Road
Oakdale, Calif. [95361]
(209) 595-5597
davidavilla@dairydesigners.com
Sui juris

FILED
DEC 23 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
    DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Avila, et al<br><br>PLAINTIFFS,<br><br>vs.<br><br>NEWREZ LLC, et al,<br><br>　DEFENDANTS, | Case No.: 2:24-cv-2264-TLN-CSK<br><br>OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS.<br><br>NOTICE OF APPEAL |

### I.　OVERVIEW

Plaintiffs, proceeding pro se, initiated this action to expose a pervasive pattern of Defendant Shellpoint's behavior—namely, the unjustifiable imposition of force-placed insurance on homes that already had adequate hazard insurance coverage. Plaintiffs have alleged, with evidence, that their hazard insurance covered the property during the entirety of the alleged legitimate loan term. Plaintiffs also presented evidence demonstrating that Shellpoint has engaged in similar conduct in other states, further suggesting a deliberate scheme to defraud borrowers. Plaintiffs, refusing to be extorted, paid the regular mortgage amount as

1

defined and permitted under federal statutes but declined to pay for the unnecessary and unjustified charges stemming from the force-placed insurance.

Despite filing a prima facie case, Plaintiffs faced substantial procedural delays caused by the Court. Plaintiffs, unlike their adversaries, do not have the luxury of being full-time attorneys with access to electronic filing systems. The Court delayed ruling on Plaintiffs' motion to use electronic filing for nearly seven weeks, an unwarranted postponement that lacked any reasonable justification and betrayed an appearance of prejudice and bias.

After surviving several bad-faith attempts by Defendant Peak to unlawfully seize the property, the Court took it upon itself to dismiss the case sua sponte for lack of jurisdiction. This decision ignored the fact that Defendant Peak was in default and had not raised any objections on its own behalf. The Court's deliberate indifference caused irreparable harm to Plaintiffs, as the property was sold out from under them—an outcome Plaintiffs sought to prevent through this litigation. The Court's assertion that there was "no irreparable injury" to warrant an injunction is contradicted by its own actions, which directly caused the very injury Plaintiffs sought to avert.

Further compounding the injustice, the Court refused to permit Plaintiffs to amend their complaint, thereby denying them a fair opportunity to exercise their legal right to seek redress against Defendants and halt the unlawful foreclosure. Meanwhile, Defendant Peak, aware of the lawsuit, repeatedly postponed the trustee sale but refused to respond to the complaint. Rather than allowing the default to proceed as the law prescribes, the Court actively intervened, invoking judicial notice to sabotage the case and dismiss it unjustly—

2

OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

an act wholly inconsistent with the principles of neutrality and impartiality that should govern judicial conduct.

Plaintiffs contend that the Court acted in error, exhibited bias, and failed to consider the full record of evidence, including two judicial notices submitted by Plaintiffs, which were ignored entirely. This dismissal reflects a broader issue of judicial inefficiency and undue delay in the Eastern District of California, which has been openly acknowledged as suffering from a shortage of judges. However, such institutional deficiencies cannot excuse the biased and dismissive treatment of this pro se case. The Court's cherry-picking of Plaintiffs' motions for temporary restraining orders and injunctions undermines the fundamental principles of justice.

The Court should indemnify Plaintiffs for their damages, including irreparable harm and financial loss, through the bond and CUSIP number created in connection with this case.

Plaintiffs David Avila and John Hayne hereby object to the Magistrate Judge's Findings and Recommendations dated December 9, 2024, in their entirety, which reflect what can only be described as deliberate judicial sabotage. Plaintiffs object to the denial of their second Motion for Temporary Restraining Order (TRO) on the following grounds:

1. **The Court Ignored Evidence of Irreparable Harm:** Plaintiffs demonstrated irreparable harm in their filings. The loss of unique property through foreclosure and sale constitutes harm that cannot be remedied through monetary compensation. The Court's failure to acknowledge this is a manifest error of law and fact. Plaintiffs repeatedly argued that injunctive relief was necessary to prevent the foreclosure and

3

OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

sale. The dismissal of the TRO, coupled with judicial inefficiency and the Court's undue delay in timely addressing Plaintiffs' motions, directly caused further harm.

2. **Bias and Prejudice in Procedural Handling:** The Court's prolonged delay in addressing motions, refusal to grant Plaintiffs electronic filing access in a timely manner, and sua sponte invocation of judicial notice all reflect an unseemly bias against pro se litigants. Plaintiffs assert that undue delay by the Court in ruling on Plaintiffs' motions exacerbated the harm caused. Despite filing timely motions to prevent foreclosure and providing the necessary documentation, the Court failed to act with sufficient urgency, leading to the completion of the trustee sale. This delay suggests judicial inefficiency, if not outright bias, against pro se litigants, which deprived Plaintiffs of meaningful access to justice.

Furthermore, the dismissal of Plaintiffs' TRO motion based on alleged procedural deficiencies unfairly penalized Plaintiffs for minor issues that could have been resolved through proper notice or clarification, particularly given their pro se status. With reckless disregard of the **KEY** evidence on the record concerning the hazard insurance that has been purchased on the property was deliberately ignored failing to engage with material evidence central to the case.

3. **Improper Dismissal Without Leave to Amend:**

The Findings fail to address PLAINTIFFS' right to amend their Complaint to cure any alleged deficiencies. Courts are required to grant leave to amend "when justice so requires" under Fed. R. Civ. P. 15(a)(2). PLAINTIFFS requested equitable relief and raised serious allegations, including violations of the Fair Debt Collection Practices Act,

4

OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

wrongful foreclosure, and other claims that warrant adjudication on the merits. Denying Plaintiffs an opportunity to amend prejudices their ability to present their case fully.

4. **Judicial Overreach:** The Court improperly intervened by taking judicial notice on its own initiative to dismiss the case, thereby usurping its role as a neutral arbiter.

5. **Failure to Address Plaintiffs' Judicial Notices:** The Court disregarded judicial notices filed by Plaintiffs,

For the foregoing reasons, Plaintiffs respectfully request that the District Court reject the Magistrate Judge's Findings and Recommendations and:

1. Vacate the dismissal and denial of Plaintiffs' TRO motion.

2. Grant Plaintiffs leave to amend their complaint.

3. Indemnify Plaintiffs for damages caused by the Court's actions, as reflected in the bond and CUSIP number associated with this case.

4. **Notice of Appeal**

This objection also serves as formal Notice of Appeal. Plaintiffs intend to appeal the denial of their TRO motion and any related adverse rulings to the United States Court of Appeals for the Ninth Circuit. The Court's dismissal of the case and subsequent actions have caused irreparable harm to Plaintiffs' rights and interests, requiring appellate review.

III CONCLUSION

5

OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

For the reasons stated above, Plaintiffs respectfully request that the District Judge reject the Magistrate Judge's Findings and Recommendations and:

1. Reconsider and grant Plaintiffs' Motion for Temporary Restraining Order.

2. Grant Plaintiffs leave to amend their Complaint.

3. Allow the plaintiffs to remand the case to the state court.

3. Disclose the CUSIP number or bond information associated with this case.

4. Accept this filing as formal Notice of Appeal.

Respectfully submitted,


Respectfully submitted, _____

David-Anthony:Avila

Sui juris


_____

John Hayne

Sui juris

6

OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

# CERTIFICATE OF SERVICE

AVILA et al v. NEWREZ d/b/a SHELLPOINT et al    Case# 2:24-cv-2264-TLN-CSK

I, the undersigned, hereby certify that on DECEMBER 23, 2024, that a true and correct attached documents:

1. OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

2. CERTIFICATE OF SERVICE

By method(s):

[X] HAND DELIVERY    [ ] US Mail    [ ] FAX    [ ] EMAIL

Is Submitted to:

[X] ATTORNEYS OF DEFENDANTS

[X] UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

David-Anthony: Avila

8651 Crane Rd.

Oakdale Calif. 95361