1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID AVILA, et al,                      Case No. 2:24-cv-02264-TLN-CSK

12                      Plaintiffs,            FINDINGS AND RECOMMENDATIONS
                                               GRANTING DEFENDANT PEAK
13            v.                               FORECLOSURE SERVICES INC.'S
                                               AMENDED MOTION TO SET ASIDE
14    NEWREZ, LLC D/B/A SHELLPOINT
      MORTGAGE SERVICING, et al.,
15
16                      Defendants.            (ECF No. 43)

17           Plaintiffs David Avila and John Hayne are proceeding in this action pro se.[1]

18    Pending before the Court is Defendant Peak Foreclosure Services Inc.'s amended

19    motion to set aside default pursuant to Federal Rules of Civil Procedure 55(c). Def. Am.

20    Mot. (ECF No. 43.) Plaintiffs have not filed an opposition to the motion. *See* Docket.

21    Finding no hearing necessary, the matter was taken under submission by the

22    undersigned. (ECF No. 45.) For the reasons that follow, the Court recommends

23    GRANTING Defendant's amended motion to set aside default.

24    **I.      BACKGROUND**

25           Plaintiffs filed their Complaint on August 21, 2024. (ECF No. 1.) On September

26    23, 2024, Plaintiffs filed their proof of service as to Defendant Peak Foreclosure

27    _____

28    [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
      Civ. P. 72, and Local Rule 302(c).

1   Services. (ECF No. 9.) On November 27, 2024, Plaintiffs requested entry of default as to

2   Defendant Peak Foreclosure Services (ECF No. 32), and the Clerk's entry of default was

3   entered on December 2, 2024 (ECF No. 34). Defendant Peak Foreclosure Services

4   moved to set aside the Clerk's entry of default on December 31, 2024 and noticed it for

5   hearing before the assigned District Judge. (ECF No. 39.) On January 2, 2025, the

6   hearing on the motion was vacated by the assigned District Judge. (ECF No. 40.) On

7   January 20, 2025, Defendant Peak Foreclosure Services filed an amended motion to set

8   aside default and again noticed it before the assigned District Judge. (ECF No. 43.) On

9   January 21, 2025, the hearing on the amended motion was again vacated by the

10  assigned District Judge. (ECF No. 44.) On February 7, 2025, the undersigned took the

11  amended motion under submission after no opposition or statement of non-opposition by

12  Plaintiffs was filed. (ECF No. 45.)

13  **II.     LEGAL STANDARDS**

14          The Federal Rules of Civil Procedure provide that "[t]he Court may set aside an

15  entry of default for good cause." Fed. R. Civ. Proc. 55(c). A court's discretion is

16  especially broad where an entry of default is being set aside, rather than a default

17  judgment. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994) (quoting *Mendoza*

18  *v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986)). "To determine 'good

19  cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside

20  the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no]

21  meritorious defense; or (3) whether reopening the default judgment would prejudice' the

22  other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d

23  1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC. v. Huntington Restaurants*

24  *Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). These factors are disjunctive, such that

25  the court may deny the motion if <u>any</u> of the three factors are true. *Franchise Holding II,*

26  *LLC.*, 375 F.3d at 926.

27  / / /

28  / / /

2

1  **III.    DISCUSSION**

2          The Court finds good cause to set aside Defendant Peak Foreclosure Services'

3  entry of default. The Court addresses each of the factors below.

4          **A.    Culpable Conduct**

5          The Court finds that Defendant Peak Foreclosure Services did not engage in

6  culpable conduct. "A defendant's conduct is culpable if he has received actual or

7  constructive notice of the filing of the action and intentionally failed to answer….[I]n this

8  context the term 'intentionally' means that a movant cannot be treated as culpable simply

9  for having made a conscious choice not to answer; rather, to treat a failure to answer as

10  culpable, the movant must have acted with bad faith, such as an intention to take

11  advantage of the opposing party, interfere with judicial decision making, or otherwise

12  manipulate the legal process." *Mesle*, 615 F.3d at 1092 (internal citations omitted).

13          Defendant Peak Foreclosure Services argues it was "never served with Plaintiffs'

14  Summons and Complaint, and became aware of Plaintiff[s]' such filing upon receipt of

15  the Court's Notice of entry of the 12/2/2024 Default." Def. Am. Mot. at 5. Defendant Peak

16  Foreclosure Services further argues the proof of service is defective on its face and

17  therefore void because it does not list the individual served. *Id.* Defendant is correct.

18  Review of the proof of service on Defendant Peak Foreclosure Services indicates

19  personal service was completed on August 13, 2024 at 3:34 p.m. at 5900 Canoga

20  Avenue, Suite 220, Woodland Hills, CA 91367. (ECF No. 9 at 1.) However, the proof of

21  service does not indicate the individual that was served. Federal Rule of Civil Procedure

22  4(h) governs the specific requirements for service of process on a corporation within a

23  judicial district. Fed. R. Civ. P. 4(h). Under Rule 4(h)(1), a corporation can be served:

24  "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by

25  delivering a copy of the summons and the complaint to an officer, a managing or general

26  agent, or any other agent authorized by appointment or by law to receive service of

27  process and-if the agent is one authorized by statute and the statute so requires-by also

28  mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A)-(B). Because the

Court cannot determine whether service was properly effectuated against Defendant Peak Foreclosure Services and because Defendant Peak Foreclosure Services argues it was never served with the summons, the Court finds Defendant Peak Foreclosure Services was not culpable for the default.

### B.    Potentially Meritorious Defenses

Defendant Peak Foreclosure Services requests the entry of default be vacated so that it "may properly defend this proceeding under the Federal Rules of Civil Procedure." Def. Am. Mot. at 5. This action arises from a mortgage foreclosure of a real property. (ECF No. 1.) Although this Court is recommending that this case be dismissed for failure to state a claim and for lack of subject matter jurisdiction (ECF No. 36), default against Defendant Peak Foreclosure Services is not appropriate where service was not proper.

### C.    Prejudice to Plaintiffs

Finally, setting aside the entry of default will not prejudice Plaintiffs. Plaintiffs have not shown prejudice and have not filed an opposition or statement of non-opposition to the motion. Moreover, Defendant Peak Foreclosure Services promptly moved to set aside the entry of default.

For all these reasons, the amended motion to set aside default should be granted.

## IV.    CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1.    Defendant Peak Foreclosure Services' amended motion to set aside default (ECF No. 43) be GRANTED; and

2.    The Clerk of the Court be directed to set aside Defendant Peak Foreclosure Services Inc.'s entry of default.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

4

1   reply to the objections shall be served on all parties and filed with the Court within 14

2   days after service of the objections. Failure to file objections within the specified time

3   may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

4   455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

5

6   Dated:  March 10, 2025

7   _____
    CHI SOO KIM

8   UNITED STATES MAGISTRATE JUDGE

9   4, avil2264.24

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28